■ ERNESTINE J. GARRETT, Appellant, v BROOKLYN HOSPITAL, Respondent. — In an action to recover damages for medical malpractice, plaintiff appeals from an order of the Supreme Court, Kings County (Cooperman, J.), dated October 8, 1982, which granted defendant's motion to dismiss the complaint as time barred. Order affirmed, with costs. In October, 1964, just prior to her seventh birthday, plaintiff, who had fallen and lacerated her hand on some glass, underwent "[a] wide excision of the area, at the base of the right thumb * * * to remove a fibrotic ½ cm. dense area" at defendant hospital. The pathology report with respect to the removed tissue characterized it as "skin with fibrosis of the dermis and superficial subcutaneous tissue. No definite foreign body granuloma [was] identified". Plaintiff's mother was informed that the operation had been successful. On August 6, 1980, an X ray of plaintiff's right hand revealed a foreign body in the area of the operative scar, and during a surgical procedure performed two days later, a piece of glass was removed from the right palmar region. Thereafter, plaintiff instituted the instant medical malpractice action and Special Term granted defendant's motion to dismiss the complaint on the ground that her action was barred by the applicable Statute of Limitations. On appeal, plaintiff concedes that unless she is entitled to the benefit of the "foreign object" exception to toll the Statute of Limitations set

forth in *Flanagan v Mount Eden Gen. Hosp.* (24 NY2d 427) (later codified in CPLR 214-a [eff July 1, 1975]), her action is time barred. As Special Term properly determined in its comprehensive opinion (see *Garrett v Brooklyn Hosp.*, 115 Misc 2d 933), there is, under the facts of this case, no basis for the invocation of the discovery rule or "foreign object" exception. Plaintiff entered defendant's health care facility with a traumatically introduced glass fragment already embedded in her right hand. Thus, the glass fragment retrieved in 1980 was not introduced into plaintiff's body as the result of any affirmative act on the part of one of defendant's employees. Rather, the failure to detect and remove the fragment was "founded exclusively upon diagnostic judgment or discretion" (*Matter of Soto v Greenpoint Hosp.*, 76 AD2d 928, 929; *Reyes v City of New York*, NYLJ, Jan. 15, 1981, p 10, col 6). Accordingly, there being no claim of fraudulent concealment such as to estop defendant from invoking the Statute of Limitations, the complaint was properly dismissed (see *Famulare v Huntington Hosp.*, 78 AD2d 547). Mollen, P. J., Lazer, Thompson and Boyers, JJ., concur.