**Kimberly PHILLIPS, Plaintiff,**

v.

**Father Timothy SUGRUE and Marist Fathers of Washington Province, Defendants.**

**Civ. No. LR–C–92–132.**

United States District Court, E.D. Arkansas, W.D.

Sept. 21, 1992.

As Corrected Oct. 1, 1992.

David Cromwell Johnson, Johnson & Cory, Birmingham, Ala., for plaintiff.

Tom F. Lovett, Lovett Law Firm, Little Rock, Ark., Paul D. McNeill, Barrett, Wheatley Smith & Deacon, Jonesboro, Ark., for defendants.

## MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, Jr., District Judge.

This action was instituted by Kimberly Phillips (plaintiff) against Father Timothy Sugrue (Father Sugrue) and Marist Fathers of Washington Province (Marist Fathers) alleging that between 1976 and 1978, when plaintiff was "a minor child of tender years defendant, Father Sugrue, intentionally took improper sexual liberties with, and indecently fondled plaintiff against her will and without her consent." [1]

Currently pending before the Court are the motions for summary judgment filed by Marist Fathers and Father Sugrue on August 7th and 17th, 1992, respectively.

Defendants contend that plaintiff was born on May 9, 1970; that all of the tortious acts asserted by plaintiff occurred in the State of Arkansas by December 31, 1978, at the latest; that plaintiff filed her lawsuit in the Circuit Court of Jefferson County, Alabama on October 17, 1991, and removed to the United States District Court for the Northern District of Alabama, Southern Division, on November 27, 1991; that under Arkansas law, plaintiff reached full age on May 9, 1988, and the filing of the lawsuit on October 17, 1991, was beyond the period permitted by the applicable statutes [2] and, accordingly, plaintiff's claims against defendant are barred.

Defendants argue strenuously that no genuine issues of material fact exist and that the untimely filing of plaintiff's complaint entitles defendants to a judgment as a matter of law.

Plaintiff has asserted, among others, the following allegations in her complaint:

From 1976 to 1978, when plaintiff was a minor child of tender years, Father Sugrue, intentionally took improper sexual liberties with plaintiff and fondled plaintiff; against her will and without her consent; that the taking of improper sexual liberties, fondling, indecent exposure and other acts, involved extreme and outrageous conduct and reckless disregard of the rights of a minor child and resulting in severe emotional distress to plaintiff. Father Sugrue's conduct was so outrageous in character and so extreme

---

**1.** This action was removed by the defendants from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division, on November 27, 1991. On February 21, 1992, this action was transferred to this Court pursuant to court order entered by the Honorable J. Roy Guin, Jr.

Judge Guin's order was issued in lieu of ruling on Father Sugrue's motion to dismiss and Marist Fathers' motion to reconsider the denial of its initial motion to dismiss the action for lack of personal jurisdiction.

**2.** Plaintiff's action against Father Sugrue, in essence, is for an alleged assault and battery which is subject to Arkansas' one-year statute of limitations and intentional infliction of emotional distress which is subject to Arkansas' three-year statute of limitations.

Plaintiff's claim against Marist Fathers is predicated on negligence—negligent hiring, assignment, supervision and retention. This claim is governed by Arkansas' three-year statute of limitations also. See: A.C.A. § 16–56–104 and § 16–56–105.

in degree so as to be regarded as atrocious and utterly intolerable in a civilized society.

That as a proximate consequence of the aforementioned conduct, plaintiff was injured and damaged as follows:

1. Plaintiff suffered severe emotional distress.

2. Plaintiff will suffer great physical pain, mental anguish and emotional distress in the future.

3. Plaintiff's injury is permanent.

4. Plaintiff has expended sums of money in the nature of doctor, hospital, drug and other expenses in an effort to treat the injuries sustained, and will incur expenses in the future to deal with the injuries sustained.

5. Plaintiff was insulted.

6. Plaintiff has realized great mental suffering and will continue in the future to suffer mentally.

7. Plaintiff was frightened and has had nightmares.

8. Plaintiff has suffered a loss of dignity.

9. Plaintiff has incurred psychological expenses in an effort to treat the injuries sustained.

10. Plaintiff has suffered hedonic damages.

After carefully reviewing the complete file in this action, and particularly plaintiff's complaint, the Court is of the view that in deciding whether plaintiff's action is time-barred, as asserted by defendants, the Court must determine:

1. What disability or disabilities that plaintiff possessed at the time of the accrual of the cause of action; and,

2. When, if at all, the disability or disabilities subsided?

■ Defendants concede, in essence, that plaintiff was a minor when her claims accrued. Accordingly, limitations is controlled by Ark.Code Ann. § 16–56–116 which provides:

(a) If any person entitled to bring any action under any law of this state is, at the time of the accrual of the cause of action, under twenty-one (21) years of age, or *insane* ... that person may bring the action within three (3) years next after the disability is removed.

(b) No person shall avail himself of any disability unless the disability existed at the time the right of action accrued.

(c) When two (2) or more disabilities are existing at the time the right of action or entry accrued, the limitation prescribed shall not attach until all the disabilities are removed.

The question of "full age" is determined by Ark.Code Ann. § 9–25–101 which provides in part:

(a) All persons of the age of eighteen (18) years shall be considered to have reached the age of majority and be of full age of all purposes. Until the age of eighteen (18) years is attained, they shall be considered minors.

It is readily apparent that limitations is tolled when any person entitled to bring an action, at the time of the accrual of the cause of action, is under eighteen (18) of age, or insane. Inasmuch as it is apparent that plaintiff became 18, or reached "full age" on May 9, 1988, the disability of age was removed as asserted by defendants. However, this does not end the matter given the fact that under the statutory provision "insane" is a disability that tolls limitations also, but the statutory provision does not provide a standard or assistance relative to the meaning and scope of the term "insane." However, this Court is persuaded that the term "insane" should be given a liberal interpretation that warrants a tolling of limitations when it has been demonstrated that an injury has rendered one incompetent. Stated differently, when a person, by reason of the injury sustained, is incapable of managing his or her personal affairs, that individual may be regarded or classified as incompetent or "insane."

■ Viewing the allegations contained in plaintiff's complaint in a light favorable to the plaintiff on defendants' motion for summary judgment, the Court is of the view that plaintiff has suffered severe emotional distress resulting in great mental suffering, permanent injury and "he-

donic damages," stated differently, unpleasurable states of consciousness.

In *Adkins v. Nabors Alaska Drilling, Inc.*, 609 P.2d 15, 23, (Alaska 1980) the court made the following relevant observation:

> Courts have interpreted liberally the type of mental condition that will toll a statute of limitations. The general test is whether a person could know or understand his legal rights sufficiently well to manage his personal affairs. It does not require a formal finding of incompetency by a court. Courts in several jurisdictions have found persons incompetent who suffered serious head injuries. Citing *Walker v. Pacific Basin Trading Co.*, 536 F.2d 344 (10th Cir.1976); *Hill v. Clark Equipment Co.*, *Hill v. Clark Equipment Co.*, 42 Mich.App. 405, 202 N.W.2d 530 (1972). See also: *Nichols v. Laymon*, 506 F.Supp. 267 (D.C.Ill., 1980).

This Court has not discovered any case in the Arkansas reports addressing the question under scrutiny. However, it is the view of this Court, if called upon to address the issue, the Arkansas courts would in all likelihood adopt the view expressed here which, in the judgment of this Court, appears to be the majority view.[3]

Accordingly, it appears likely that plaintiff may have sustained a disability that brings her within the provisions of the tolling statute and adequate to raise a genuine issue of fact as to plaintiff's incompetency at the time of the accrual of the cause of action and when, if at all, the disability was removed.

Plaintiff has not responded to defendants' motions for summary judgment, as required under Rule 56(e) of Fed.R.Civ.P. as well as under the local rules of this Court, in order to demonstrate that a genuine issue of fact exists relative to the limitations issue. However, the Court is not persuaded that defendants are entitled to a judgment absolutely inasmuch as Rule 56(e) makes it crystal clear that if the non-movant fails to respond, summary judgment shall be entered, "if appropriate". See: *Mendez v. Banco Popular de P.R.*, 900 F.2d 4, 7 (1st Cir.1990). Moreover, after carefully analyzing plaintiff's complaint, this Court is of the view that defendants are not entitled to judgment as a matter law. In addition, considering the tender age of plaintiff and surrounding circumstances existing when the alleged molestation occurred and the resulting injuries, the Court is convinced that the opportunity should be afforded the parties to develop a record from which the Court can make a more informed and objective decision regarding plaintiff's ability to understand and appreciate her legal rights not only from the time of the accrual of the cause of action, but currently and more particularly, during the three year period immediately after she reached "full age". See: *Anderson v. Liberty Lobby*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Veillon v. Exploration Servs.*, 876 F.2d 1197, 1200 (5th Cir.1989).

Accordingly, defendants' motion for summary judgment is denied.

It is so ordered.

---

3. The Arkansas Supreme Court in the case of *Ronald Mason, Incompetent By and Through the Arkansas Bank and Trust Company, Guardian of His Estate v. Jim Sorrell*, 260 Ark. 27, 29, 551 S.W.2d 184 (1976), held that although the incompetent had a guardian of his estate prior to the date of the ward's injuries this did not preclude a cause of action filed by the guardian more than three years after the accrual of the right of action under Arkansas' three-year statute of limitations due to the provisions of the savings clause. While *Mason* is not relevant to the question being addressed here, the fact that the Arkansas Supreme Court expressly recognized that its ruling in *Mason* was consistent with the majority rule is of persuasive value in predicting the position the Arkansas courts would take if presented with the question.