Stanley SMITH, as Executor for the Estate of Jenny Smith,
Deceased *v.* DIVERSICARE LEASING CORPORATION of
America, Inc., and Garland Pines Convalescent Center

CA 98-705                                            985 S.W.2d 749

Court of Appeals of Arkansas
Division IV
Opinion delivered February 17, 1999

*David Goldman*, for appellant.

*Friday, Eldredge & Clark*, by: *Guy Alton Wade*, for appellees.

JOHN F. STROUD, JR., Judge. Stanley Smith, executor of the estate of Jenny Smith (deceased), filed a medical malpractice claim against Diversicare Leasing Corporation of America, Inc., and Garland Pines Convalescent Center, alleging that as a direct and proximate result of their negligence, 93-year-old Jenny Smith fell from her bed at Garland Pines and suffered a severe concussion. Diversicare and Garland Pines moved to dismiss the claim, contending that it was governed by our Medical Malpractice Act and was barred by the act's two-year statutory limitation in section 16-114-203 (Supp. 1997). Mr. Smith responded that the matter was governed by Arkansas Code Annotated section 16-56-116 (1987), which tolls the statute of limitations for persons under disabilities at the time the action accrues. The trial court granted the motion to dismiss, holding that the controlling statute of limitations was section 16-114-203 and that appellant had failed to prove grounds upon which the statute should be tolled. Mr. Smith now raises one point of appeal, contending that "the trial court erred in finding that Arkansas Code Annotated section 16-56-116 does not apply to medical malpractice claims." We affirm the dismissal.

The parties do not dispute that this action is a medical malpractice action or that our medical malpractice statute applies to

actions of nursing homes. The statute of limitations for medical malpractice actions reads as follows:

> (a) Except as otherwise provided in this section, all actions for medical injury shall be commenced within two (2) years after the cause of action accrues.
>
> . . . .
>
> (e) Any person who had been *adjudicated incompetent at the time of the act*, omission, or failure complained of, shall have one (1) year after that disability is removed in which to commence an action.

Ark. Code Ann. § 16-114-203 (Supp. 1997) (emphasis added).

Arkansas Code Annotated section 16-56-116, entitled "Persons under disabilities at the time of accrual of action," is not a part of the Medical Malpractice Act but is a general statute of limitations. It includes the following:

> (a) If any person entitled to bring any action under any law of this state is, at the time of the accrual of the cause of action, under twenty-one (21) years of age, or *insane*, or imprisoned beyond the limits of the state, that *person may bring the action* within three (3) years next after attaining full age, or *within three (3) years next after the disability is removed.*
>
> (b) No person shall avail himself of any disability unless the disability existed at the time the right of action accrued.

Ark. Code Ann. § 16-56-116 (1987) (emphasis added).

Appellant's complaint alleged that the decedent's fall and injury occurred as a result of appellees' negligent acts on or about September 7, 1993. The original lawsuit was filed on December 4, 1995. After several extensions of time were granted, appellant took a voluntary nonsuit. An order of dismissal without prejudice was entered, and the suit was refiled on April 3, 1997. Appellees filed a motion to dismiss, pleading affirmatively that the matter was barred by the two-year statute of limitations in Arkansas Code Annotated section 16-114-203. It is clear that appellant's cause of action was barred by the statute of limitations under both the Medical Malpractice Act and the general act applicable to persons under disability unless the running of the statute was tolled.

Appellant filed a motion to continue the hearing on appellee's motion and to extend time for a response, stating a need to procure affidavits from family members and physicians "regarding Jenny Smith's convalescent state and inability to take care of her physical and financial needs which rendered her incapacitated and disabled . . . ." The motion was granted but, as appellee points out, appellant failed to provide affidavits or other proof. Appellant's response to the motion to dismiss simply stated that the decedent had been disabled and incompetent from the date of the negligent acts until her death in December 1994, and that the action against appellees was brought in a timely manner. The rationale of the response is that the decedent was "insane," and therefore the statute of limitations did not begin to run until her death, which was the event that removed her disability.

The trial court conducted a hearing and later issued a decision letter to the parties. The court's order reads in part as follows:

> The statute of limitations in effect at the time this cause of action occurred was Ark. Code Ann. Sec. 16-114-203(e) which stated: Any person who had been adjudicated incompetent at the time of the act, omission, or failure complained of shall have until one year after that disability is removed in which to commence an action.

> The Court finds Plaintiff's Complaint does not state Jenny Smith was "adjudicated incompetent" at the time of the action complained of.

> . . . .

> At hearing, Plaintiff presented no evidence that Jenny Smith, deceased, was "adjudicated incompetent" at the time of the act complained of, as required in Ark. Code Ann. Sec. 16-114-203(e), nor that she was "insane" at the time of the act complained of as required in Ark. Code Ann. Sec. 16-56-[116(a)].

> The Court finds that the statute of limitations which controls this action is located at Ark. Code Ann. Sec. 16-114-203(e) as this is clearly an action under the Arkansas Medical Malpractice Act. The Court further [in examining the complaint, response to motion to dismiss, and briefs], cannot find evidence that Jenny Smith, deceased, had been "adjudicated incompetent."

The Court also finds that neither the Complaint nor the other pleadings provide evidence that Jenny Smith, deceased, was "insane" prior to or until her death. Therefore, it is the order of the Court the Defendant's Motion to Dismiss is granted for the reasons stated herein.

Appellant argues on appeal, as he did below, that the medical malpractice statute of limitations should be read in conjunction with the safeguards of the general statute governing persons under disabilities at the time the cause of action accrued. He contends that such a reading would extend the limitations period beyond two years for an individual who had not been adjudicated incompetent before being injured by medical malpractice. He also argues that the decedent should be deemed to have been insane[1] when she was injured because she was elderly, she suffered a substantial head injury and concussion, and because she was confined in a nursing home.

■■ Appellees contend that appellant's action was correctly dismissed by the trial court due to the running of the statute of limitations set out by Arkansas Code Annotated section 16-114-203. Noting that the cases appellant relies upon were decided before the effective date of our Medical Malpractice Act in 1979, appellees cite instead *Adams v. Arthur*, 333 Ark. 53, 969 S.W.2d 598 (1998), for an understanding of the act's statute of limitations. There, our supreme court addressed a challenge to the statute's constitutionality as follows:

> [A]ny statute of limitations will eventually operate to bar a remedy, and the time within which a claim should be asserted is a matter of public policy, the determination of which lies almost exclusively in the legislative domain, and the decision of the General Assembly in that regard will not be interfered with by the courts in the absence of palpable error in the exercise of the legislative judgment. *Owen v. Wilson*, 260 Ark. 21, 537 S.W.2d 543 (1976). Simply put, it is the General Assembly's prerogative to set a time in which a claim must be brought. Such a determination is a matter of public policy. We are unable to say that the

---

[1] Appellant cites *Phillips v. Segrue*, 800 F. Supp. 789 (E.D. Ark. 1992), for the proposition that when an injury renders a person incapable of managing his or her personal affairs, that individual may be regarded as incompetent or "insane."

limitations period found in section 16-114-203 lacks a rational basis, or deprives a claimant of a constitutional right to redress of wrongs or a jury trial.

*Adams v. Arthur,* 333 Ark. at 90, 969 S.W.2d at 615 (1998).

■ The underlying issue in the *Adams* discussion was a conflict between the three-year statute of limitations in our Product Liability Act and the two-year limitation in the Medical Malpractice Act. Noting that the general repealer clause of the Medical Malpractice Act "expressly applies to all causes of action for medical injury accruing after April 2, 1979, and, as to such causes of action, *shall supersede any inconsistent provision of law,*" the court held that the two-year limitations period of the Medical Malpractice Act supersedes that of the Product Liability Act. 333 Ark. at 87, 969 S.W.2d at 617.

■ In the present case, for the reasons set forth in the *Adams* decision, we hold that the two-year statute of limitations and the tolling provision of the Medical Malpractice Act supersede the three-year period our general statute allows after a disability is removed for persons insane at the time of the act complained of. *See* Ark. Code Ann. § 16-114-203(a) (Supp. 1997), and § 16-56-116 (1987). The Medical Malpractice Act, which is the act applicable to this case, provides in section 16-114-203(e) that a person adjudicated incompetent at the time of the action shall have one year after that disability is removed in which to commence an action. Here, however, appellant presented no proof to the trial court that the decedent ever had been adjudicated incompetent. Therefore, the action of the trial court in dismissing the claim was correct because substantially more than two years had elapsed between the act complained of and the filing of suit by appellant.

Because we find the general statute of limitations, Arkansas Code Annotated section 16-56-116, inapplicable to persons filing suit under the Medical Malpractice Act, we need not address appellant's arguments that the decedent was insane at the time her right of action accrued.

Affirmed.

JENNINGS and GRIFFEN, JJ., agree.