Tommie REED *v.* Peggy GUARD, M.D., Individually;
Peggy Guard, M.D., Owner of Arkansas Clinic for Women;
Arkansas Clinic for Women

07-1231                                                    285 S.W.3d 662

Supreme Court of Arkansas
Opinion delivered June 19, 2008

*Wilson Law Firm, P.A.*, by: *E. Dion Wilson* and *Gary V. Austin*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Kathryn A. Kirkpatrick*, for appellees.

Tᴏᴍ Gʟᴀᴢᴇ, Justice. In this appeal, we are asked to consider what constitutes a "foreign object" that would toll the two-year statute of limitations in a medical malpractice action. *See* Ark. Code Ann. § 16-114-203(b) (Repl. 2006).

Appellant Tommie Reed was a patient of Appellee Dr. Peggy Guard, a gynecologist in Little Rock; Dr. Guard treated Reed for a variety of complaints from August 1995 until January of 1997, when Dr. Guard recommended that Reed have a total hysterectomy. The surgery was performed on January 21, 1997. After the surgery, Reed complained of abdominal pain and numbness and was told that it was the result of nerves being severed during the surgery. Reed continued to have abdominal problems, and she eventually saw a gastroenterologist, who diagnosed her with gall bladder disease and removed her gall bladder.

In 2002, Reed moved to Memphis. She continued to suffer various symptoms, including bloating, and in 2004, her doctor in Memphis performed an ultrasound and discovered a mass in her abdomen. Reed had surgery to remove the mass on August 17, 2004, at which time it was discovered that her left ovary, which was supposed to have been removed during the 1997 hysterectomy, was still intact.

Reed filed a medical malpractice suit against Dr. Guard on August 11, 2005. She took a voluntary nonsuit of her claims on January 13, 2006, and refiled her complaint on January 11, 2007. Dr. Guard responded with a motion to dismiss in which she alleged that, because Reed's cause of action accrued in January 1997, the statute of limitations had expired.

The circuit court held a hearing on Dr. Guard's motion to dismiss on August 7, 2007. At the hearing, Reed argued that the two-year statute of limitations should have been tolled by operation of either the "foreign-object exception" or fraudulent concealment. On August 16, 2007, the circuit court entered an order granting Dr. Guard's motion on the grounds that the foreign-object exception did not apply and that the statute of limitations had expired; Reed's complaint was dismissed with prejudice. Reed filed a timely notice of appeal on September 12, 2007, and argues on appeal that the circuit court erred in dismissing her complaint.

In her first argument on appeal, Reed argues that the "foreign-object exception" to the general two-year statute of limitations for medical malpractice actions should apply "to body organs that were not removed during surgery." The statute of limitations is found in Ark. Code Ann. § 16-114-203, which provides, in relevant part, as follows:

> (a) Except as otherwise provided in this section, all actions for medical injury shall be commenced within two (2) years after the cause of action accrues.

> (b) The date of the accrual of the cause of action shall be the date of the wrongful act complained of and no other time. However, *where the action is based upon the discovery of a foreign object in the body of the injured person which is not discovered and could not reasonably have been discovered within such two-year period, the action may be commenced within one (1) year from the date of discovery or the date the foreign object reasonably should have been discovered, whichever is earlier.*

(Emphasis added.)

When the running of the statute of limitations is raised as a defense, the defendant has the burden of affirmatively pleading this defense; moreover, once it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was in fact tolled. *Meadors v. Still*, 344 Ark. 307, 312, 40 S.W.3d 294, 298 (2001).

In this case, Dr. Guard affirmatively pled that the statute of limitations had expired two years after her treatment of Reed, in January of 1999. Because Reed did not file her lawsuit until August 2005, it was her burden to prove that the statute of limitations was tolled. Reed urges that her remnant ovary is a "foreign object" that she did not and could not reasonably have discovered within the two years following her hysterectomy. Therefore, she urges, the statute of limitations was tolled until such time as she "discovered" that the ovary had not been removed, which she claims was at the time of the 2004 ultrasound.

For Reed's argument to have merit, this court would have to hold that a person's own internal organ constitutes a "foreign object" when it is left behind after a surgery that was intended to remove it. While § 16-114-203 does not define "foreign object," this court has held that the "typical foreign object case . . .

involve[s] the inadvertent leaving of objects in a patient's body[.]" *Skaggs v. Johnson*, 323 Ark. 320, 325, 915 S.W.2d 253, 256 (1996). For example, in what appears to be this state's oldest foreign-object case, a one-and-a-half inch ball of surgical gauze was determined to be a foreign object that the surgeon should have known had been left in the patient's abdomen. *Burton v. Tribble*, 189 Ark. 58, 70 S.W.2d 503 (1934). In *Owen v. Wilson*, 260 Ark. 21, 537 S.W.2d 543 (1976), a six-inch-long pair of surgical scissors was left in a patient's abdomen for six years after a hemicolectomy. And more recently, in *Howard v. Northwest Arkansas Surgical Clinic*, 324 Ark. 375, 921 S.W.2d 596 (1996), the court considered whether a plaintiff was entitled to the benefit of the foreign-object exception when a portion of a needle was inadvertently left in her breast after a biopsy. *See also Thompson v. Dunn*, 319 Ark. 6, 889 S.W.2d 31 (1994) (declining to decide whether dirt and other materials that had not been removed from patient's foot after an accident constituted "foreign objects"; the physicians-appellees had argued that the exception was not applicable because the objects in question were not placed in the patient's foot by medical care providers).

Based on our case law on the subject, we conclude that a "foreign object" is just exactly that: an object introduced into the patient's body by a physician, and then inadvertently left behind — not the patient's own internal organ that should have been removed but was not.[1] In sum, Reed has provided this court with no authority that would compel a conclusion that her own ovary should constitute a "foreign object," the later discovery of which should toll the running of the statute of limitations. Because Reed's ovary was not a foreign object, the statute of limitations began to run from the date of the alleged negligent act, January 21, 1997. Accordingly, we hold that the circuit court correctly granted Dr. Guard's motion to dismiss.

---

[1] Decisions from other jurisdictions are in accord. *See, e.g., Wallace v. Hibner*, 171 Cal. App. 3d 1042, 217 Cal. Rptr. 748 (1985) (patient presented to doctor with a needle in her foot, but doctor did not remove all of it; when patient discovered it thirteen years later and sued, complaint against doctor was dismissed on statute-of-limitations grounds because the foreign object exception applied "only to medically inserted objects that have no therapeutic or diagnostic purpose which are left in the patient's body"); *Garrett v. Brooklyn Hospital*, 99 A.D.2d 541, 471 N.Y.S.2d 621 (1984) (holding that foreign object exception applied to medically introduced objects left in the patient's body and not to objects for which the care and treatment was initially tendered).

In her second point on appeal, Reed argues that the statute of limitations for her medical malpractice suit should have been tolled due to Dr. Guard's fraudulent concealment. She contends that Dr. Guard told her that she would have a complete hysterectomy that would include removal of both ovaries, and after the surgery, Dr. Guard never told her that an ovary remained. Reed urges that Dr. Guard's failure to disclose this fact should have tolled the statute of limitations.

This court cannot address Reed's argument, because the circuit court did not rule on the question of fraudulent concealment. In both its order and its amended order, the circuit court only discussed and ruled on the foreign-object exception, finding that there was nothing in the pleadings that alleged Reed had a foreign object in her body; nowhere in the order does the court raise or discuss the issue of fraudulent concealment.

In order to preserve an issue for appellate review, Reed was obligated to obtain a specific ruling on it from the trial court. This court has held that it will not review a matter on which the trial court has not ruled, and a ruling should not be presumed. *See Fordyce Bank & Trust Co. v. Bean Timberland*, 369 Ark. 90, 251 S.W.3d 267 (2007); *Vaughn v. State*, 338 Ark. 220, 992 S.W.2d 785 (1999). Moreover, the burden of obtaining a ruling is on the movant; objections and matters left unresolved are waived and may not be relied upon on appeal. *Camden Cmty. Dev. Corp. v. Sutton*, 339 Ark. 368, 5 S.W.3d 439 (1999); *McElroy v. Grisham*, 306 Ark. 4, 810 S.W.2d 933 (1991). Because the trial court never rendered a ruling on the question of fraudulent concealment, this court cannot address it on appeal.

Affirmed.