2009 Ark. 373

**Paul BARRE, Appellant,**

v.

**Charles "Chick" HOFFMAN; Boy Scouts Of America Incorporated; Boy Scouts of America, Quapaw Council; Holy Souls Catholic Church d/b/a Holy Souls School and the Roman Catholic Church, Diocese of Little Rock; James Peter Sartain, in his official capacity as agent for the Roman Catholic Diocese of Little Rock; the Hartford Insurance Company; United States Fidelity and Guaranty Company; John Doe Insurance Company # 1; John Doe Insurance Company # 2; and John Doe Insurance Company # 3, Appellees.**

No. 07–1305.

Supreme Court of Arkansas.

June 25, 2009.

Welch and Kitchens, PLLC, by: Morgan "Chip" Welch and Ashley Hudson, North Little Rock; and Brian G. Brooks, Attorney at Law, PLLC, by: Brian G. Brooks, Greenbrier, for appellant.

Williams & Anderson, PLC, by: Philip E. Kaplan, Little Rock, for Charles "Chick" Hoffman.

Mitchell, Williams, Selig, Gates & Woodyard, PLLC, by: Stuart Miller, Little Rock, for Boys Scouts of America.

Kilpatrick, Williams, Smith & Meeks, LLP, by: Joseph E. Kilpatrick, Jr., Little Rock, for Boy Scouts of America, Quapaw Council.

Barber, McCaskill, Jones & Hale, PA, by: Robert L. "Skip" Henry, III, Little Rock, for Holy Souls Catholic Church d/b/a Holy Souls School and Roman Catholic Church, Diocese of Little Rock.

Quattlebaum, Grooms, Tull & Burrow, PLLC, by: E.B. Chiles, IV, Little Rock, for Hartford Accident & Indemnity Company.

Anderson, Murphy & Hopkins, LLP, by: Overton S. Anderson, Little Rock, for United States Fidelity and Guaranty Company.

JIM HANNAH, Chief Justice.

Paul Barre appeals the order of summary judgment entered against him in Pulaski County Circuit Court. Barre sued Charles "Chick" Hoffman; Boy Scouts of

America Inc.; Boy Scouts of America Quapaw Council; Holy Souls Catholic Church, d/b/a Holy Souls School and the Roman Catholic Church, Diocese of Little Rock; James Peter Sartain, in his [2]official capacity as agent for the Roman Catholic Diocese of Little Rock; The Hartford Insurance Company; and United States Fidelity and Guaranty Company (collectively referred to as defendants), alleging damages resulting from sexual abuse he suffered approximately thirty years ago when he was eleven and twelve years old. The circuit court found that there were no issues of material fact regarding fraudulent concealment of Barre's action against the defendants, and the court further found that repressed-memory syndrome does not toll the statute of limitations under Arkansas Code Annotated section 16–56–116 (Supp.2003). The circuit court also denied Barre's motion to permit additional discovery. We affirm the decision of the circuit court.

Barre raises three points on appeal, alleging that the circuit court erred (1) in failing to find that the statute of limitations was tolled by defendants' fraudulent concealment, (2) in failing to find that repressed-memory syndrome was a disability that tolled the statute of limitations, and (3) in failing to find that additional discovery was required before summary judgment could be entered. This case was certified to this court by the court of appeals as a case involving issues of first impression, issues of substantial public interest, and significant issues needing clarification of the law. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1–2(b)(1), (4) and (5)(2009).

■ At issue is the circuit court's grant of summary judgment. Summary judgment may only be granted when there are no genuine issues of material fact to be litigated. *K.C. Props. of N.W. Ark. Inc. v. Lowell Inv. Partners,* 373 Ark. 14, 280 S.W.3d 1 (2008). The moving [3]party is then entitled to judgment as a matter of law. *Id.* Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.*

Barre asserts that he was sexually abused by Hoffman, his scoutmaster,[1] on three occasions while at week-long scout camps during the summer of 1976 and the summer of 1977. He further asserts that while he was aware of the abuse as it occurred, he lost or repressed his memory of it, and that he only recovered memories of the abuse on July 4, 2003.[2] Barre re-

---

1. Hoffman admitted at his deposition to sexually abusing eight to ten boys in his scout troop while serving as scoutmaster. He stated that he began sexually abusing boys in his scout troop as early as 1974, but denied sexually abusing Barre, while at the same time admitting he could not recall exactly who he had sexually abused. Hoffman resigned as scoutmaster in July 1977.

2. The evidence in this case reveals that Barre told healthcare providers prior to July 4, 2003, that he had been abused; however, Barre denies this and asserts that the notation in his medical records is there by mistake.

counts that his therapist had requested that he try to recall his earliest memories of depression and suicidal ideations. Barre states that during this process, he recalled being sexually abused by Hoffman in Hoffman's tent, in his own tent, and in the showers at the camp.

On March 20, 2005, Barre filed suit for damages resulting from the sexual abuse and asserted that he suffered from repressed-memory syndrome. The defendants answered, asserting the complaint was barred by the statute of limitations. The depositions of Barre and Hoffman were taken. Additional written discovery was undertaken. Motions for summary judgment were filed in 2005 and later amended. Judgment was entered in favor of all defendants on October 11, 2007.

### Statute of Limitations

The parties agreed that the limitation period set out in Arkansas Code Annotated section 16–56–116 (person under disabilities at time of accrual of action) applies in this case.[3] Section 16–56–116 provides in relevant part that where a person suffers from a disability, that person may bring suit within three years after the disability is removed. Ark.Code Ann. § 16–56–116(a). Further, no person may avail himself or herself of the disability unless the disability existed at the time that the cause of action accrued. Ark.Code Ann. § 16–56–116(b). Barre alleges that he was suffering from a disability caused by repressed-memory syndrome at the time he attained the age of majority, and that he did not have to sue until three years after he recalled the memories on July 4, 2003.

When the running of the statute of limitations is raised as a defense, the defendant has the burden of affirmatively pleading this defense; moreover, once it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations is tolled. *Reed v. Guard,* 374 Ark. 1, 3, 285 S.W.3d 662, 664 (2008). The alleged abuse was suffered in 1976 and 1977. Thus, it is clear from the face of the complaint that the action is barred by the statute of limitations. The defendants raised the statute of limitations as a bar to suit. Barre thus bore the burden of proving by a preponderance of the evidence that the statute was tolled.

### Fraudulent Concealment

Barre first alleges that the statute of limitations was barred by fraudulent concealment. Fraudulent concealment is not a cause of action; rather, it is a response raised against the defense of statute of limitations. *See Jones v. Central Ark. Radiation Therapy Inst., Inc.,* 270 Ark. 988, 607 S.W.2d 334 (1980). Fraudulent concealment tolls the statute of limitations when the persons alleged to have committed the fraud "have committed a positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself." *Riddle v. Udouj,* 371 Ark. 452, 461, 267 S.W.3d 586, 593 (2007). However, even if fraudulent concealment is found, the appellant must additionally prove that the fraud would not have been detected by the exercise of reasonable

---

**3.** The parties discuss Arkansas Code Annotated section 16–56–130 (Supp.2003) regarding the limitation period on civil actions based on sexual abuse, and Barre alleges that it would toll the limitation period based on repressed-memory syndrome. Repressed-memory syndrome is not mentioned in the statute; however, in any event, section 16–56–130 is not applicable as it was not in effect when Barre reached the age of majority in 1982.

diligence. *Delanno, Inc. v. Peace,* 366 Ark. 542, 547, 237 S.W.3d 81, 85 (2006).

The evidence in this case is that Quapaw Council Executive Director Jimmy Cole witnessed sexual abuse of boys by Hoffman, that he confronted Hoffman, and that he reported Hoffman to his superiors at Quapaw District, as well as to the Troop Institutional Representative, Father James Correnti. Cole served with Quapaw District from 1974 until 1976.[4] In 1977, at least two parents came to Father Correnti with rumors. According to Hoffman, prior to his resignation in July 1977, he met with Father Max Gavin and was told the abuse had to stop. A few weeks after meeting with Gavin, Hoffman met with Father Correnti, who told Hoffman he needed to resign. Barre notes that the parish minutes show Hoffman's resignation but make no mention of abuse. Finally, at a weekly meeting of the Boy Scout Troop in July 1977, Hoffman announced his resignation and stated he was leaving to assist his father in the family business. No mention of the abuse was made to the boys and scout leaders present at the Troop meeting when Hoffman resigned. Neither Barre nor his father was present at this Troop meeting. Barre offered no evidence to show that the defendants knew that he was a victim of Hoffman's abuse.

Barre offered the above-recited evidence to show that the defendants fraudulently concealed his cause of action. According to Barre, this evidence constitutes the required "positive act of fraud, something so furtively planned and secretly executed as to keep the plaintiff's cause of action concealed, or perpetrated in a way that it conceals itself." *See Martin v. Arthur,*

339 Ark. 149, 154–55, 3 S.W.3d 684, 687 (1999). This court's discussion in *Hodges v. Huckabee,* 338 Ark. 454, 464, 995 S.W.2d 341, 348 (1999), is helpful:

> Appellant's suspicions about motive do not give rise to a genuine issue of material fact. A mere suspicion in the mind of the party against whom summary judgment is sought will not create a genuine issue of fact, nor does it suffice as good cause for further discovery. *BWH, Inc. v. Metropolitan National Bank,* 267 Ark. 182, 590 S.W.2d 247 (1979). When, as here, the movant makes a prima facie case for a summary judgment, the other party must discard the cloak of formal allegations and meet proof with proof by showing that an issue of fact exists. *Givens v. Hixson,* 275 Ark. 370, 631 S.W.2d 263 (1982). Appellant did not meet proof with proof. Accordingly, the chancery court did not commit error in finding that appellees were entitled to judgment as a matter of law.

Barre had to offer some proof to show there was a fact question about a positive act of fraud. Instead, he offered proof that the defendants acted to get rid of Hoffman but not that they concealed anything. No proof of fraud was offered, much less fraud that was furtively planned and secretly executed. Thus, Barre failed to meet proof with proof. On that basis, the motion for summary judgment was properly granted on fraudulent concealment. *See Meadors v. Still,* 344 Ark. 307, 316, 40 S.W.3d 294, 301 (2001).

However, Barre also asserts that the defendants had a confidential or fiduciary relationship with him that put upon them a

---

4. In oral argument, Barre alleged that Jimmy Cope witnessed Hoffman sexually abusing scouts "from 1974 to 1976." Cope's testimony in this case came from an affidavit where Cope averred that he "worked for the Boy Scouts from 1974 until 1976." Specific dates of when Cope witnessed Hoffman sexually abusing scouts are not provided in the affidavit.

duty to speak and reveal the abuse. Even if such a duty existed, it would have either flowed to Barre or his parents. His father is deceased, and his mother is not a party to this suit. Barre, by his own admission, knew of the abuse in 1977 when he alleges the defendants bore a duty to speak. Barre's father also knew of concerns about Hoffman and warned Barre and his brother about Hoffman. Barre and his father were already on notice. As the circuit court noted, "[E]ssentially, Mr. Barre is alleging that the defendants, who did not know Mr. Hoffman had abused him, had a duty to tell him, who did know it." Barre failed to offer evidence to show concealment by a failure to speak.

### Repressed–Memory Syndrome and Disability Under Section 16–56–116

Barre next asserts that the statute of limitations is tolled by repressed-memory syndrome. He argues repressed-memory syndrome constitutes a disability under section 16–56–116. He also argues that Arkansas Code Annotated section 16–56–130 (Supp.2003) codified the common law, and that this court should adopt the analysis in *Phillips v. Sugrue*, 800 F.Supp. 789 (E.D.Ark.1992), where the district court recognized the possibility that childhood sexual abuse might give rise to a condition constituting insanity for purposes of section 16–56–116. Phillips alleged she suffered sexual abuse by a priest when she was a minor. The district court noted the injuries alleged and denied the motion for summary judgment, finding that Phillips should be given more time to develop evidence to show that she was insane under section 16–56–116. Repressed-memory syndrome was not discussed in *Phillips*, and it is not clear whether the victim in that case asserted repressed memory. The district court concluded that conditions arising from

childhood sexual abuse might give rise to insanity that would toll the statute of limitations; however, no further analysis was undertaken. Thus, *Phillips* stands for the proposition that it might be possible to show insanity under section 16–56–116 as a consequence of childhood sexual abuse. Barre also cites this court to *Schuman v. Westbrook*, 207 Ark. 495, 499, 181 S.W.2d 470, 472 (1944) (quoting *Pulaski County v. Hill*, 97 Ark. 450, 457, 134 S.W. 973, 975 (1911)), where this court stated that where the insanity renders a person incapable of handling the matter at issue, he or she may be insane with respect to that particular matter.

*Waggoner v. Atkins*, 204 Ark. 264, 271, 162 S.W.2d 55, 58 (1942), is instructive on when insanity will toll the statute of limitations:

> If the brain has become so affected, irrespective of cause, as to appreciably contracept a person's power to reason, and in consequence the ordinary affairs of life are but dimly reflected on that mirror called mind, it is generally agreed that the impulse to act is not a result of intellectual motivation; hence, the attendant infirmity intervenes and protects one so afflicted from the penalty of conduct in respect of which the power to think and to plan according to accepted formulas is non-existent.

Nothing indicates that Barre's power to reason has been affected. Nothing shows he was unable to attend to the ordinary affairs of life. Rather, Barre asserts he simply did not have access to the memories. Repressed-memory syndrome does not satisfy the requirements of insanity under section 16–56–116 because it does not affect the power to reason.

Barre also argues that we should adopt the public policy of section 16–56–130 and in the case of victims of childhood sexual

abuse interpret section 16–56–116 as extending the limitations period. Barre offers no persuasive argument or authority for the proposition that section 16–56–130 codifies preexisting common law, or that the statute should be applied in this case. Public policy is for the General Assembly to decide, not the courts. *Scamardo v. Sparks Reg'l Med. Ctr.*, 375 Ark. 300, 309, 289 S.W.3d 903, 909 (2008).

We further note that Barre initially testified that he lost recall of the abuse before entering high school; however, upon cross-examination, Barre was asked whether he remembered the abuse "for one week, one month, one year, fifteen years?" Barre responded, "No, sir. I can't recall." By his own admission, Barre does not know when he lost recall of the memories. It could have been either before or after he reached the age of majority. Barre must show by a preponderance of the evidence that the statute of limitations was tolled. *Reed, supra.* "Preponderance of the evidence means evidence of greater convincing force and implies an overbalancing in weight." *Titan Oil & Gas, Inc. v. Shipley*, 257 Ark. 278, 298, 517 S.W.2d 210, 222–23 (1974)(citing *Smith v. Magnet Cove Barium Corp.*, 212 Ark. 491, 206 S.W.2d 442 (1947)). Further, "where the evidence tends equally to sustain two inconsistent propositions, the party having the burden of proof cannot prevail." *Titan*, 257 Ark. at 298, 517 S.W.2d at 223. By Barre's own admission, he cannot show that he suffered repressed-memory syndrome prior to reaching the age of majority. Thus, even if we were to agree that repressed-memory syndrome tolls the statute of limitations, as Barre suggests, it would not toll the statute of limitations in this case.

### Additional Discovery

Finally, Barre argues that he was denied the opportunity to carry out

sufficient discovery to acquire the needed proof. The complaint was filed on March 30, 2005. The motion for summary judgment was decided over two years later. Nothing in the record indicates that there was any difficulty in identifying witnesses. Barre himself did preliminary investigative work in 2003 and spoke with a number of witnesses. The circuit court took the motion for additional discovery under submission, and was initially inclined to grant it; however, ultimately, the circuit court concluded that there was no good reason to grant the motion. A trial court has broad discretion in matters pertaining to discovery, and the exercise of that discretion will not be reversed absent an abuse of discretion that is prejudicial to the appealing party. *Loghry v. Rogers Group, Inc.*, 348 Ark. 369, 373, 72 S.W.3d 499, 502 (2002). Barre fails to show an abuse of discretion, and the circuit court's decision denying additional discovery is affirmed.

Affirmed.

CORBIN and GUNTER, JJ., not participating.