

# SUPREME COURT OF ARKANSAS

No. CV-12-400

REGINALD R. EARLY

APPELLANT

v.

LAWRENCE E. BAKER AND MICHAEL FERRICHER

APPELLEES

Opinion Delivered    December 5, 2013

PRO SE MOTION FOR AN EXTENSION OF TIME TO FILE REPLY BRIEF [JEFFERSON COUNTY CIRCUIT COURT, 35CV-12-73]

HONORABLE JODI RAINES DENNIS, JUDGE

ORDER AFFIRMED; MOTION MOOT.

## PER CURIAM

On February 13, 2012, appellant Reginald R. Early, an inmate in the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC), filed a pro se civil-rights action against appellees Lawrence E. Baker and Michael Ferricher, two ADC officers, in both their individual and official capacities pursuant to 42 U.S.C. § 1983 (2006). Appellant also alleged state-law claims of assault and battery as well as negligence. The trial court dismissed the case with prejudice, and appellant lodged this appeal of the order. Both appellant's brief-in-chief and appellees' brief were timely filed. Now before us is appellant's pro se motion for extension of time to file reply brief. As it is clear from the record and the filed briefs that appellant could not prevail if the appeal were permitted to go forward, the order is affirmed, and the motion is moot.

In the complaint, appellant alleged the use of excessive force and failure to protect in violation of the Eighth Amendment to the United States Constitution as well as the abuse of authority in violation of the Due Process Clause of the Fourteenth Amendment. More

specifically, appellant alleged that, on January 11, 2009, appellees used excessive force by twice spraying him with a chemical agent and thereafter failing to follow procedure by denying him a shower and change of clothes. He further claimed that appellee Ferricher failed to protect him from the actions of appellee Baker on that date and that appellee Baker abused his authority in filing a false disciplinary charge against him based on the January 11 incident. Appellant also alleged state-law claims of assault and battery. He sought injunctive and declaratory relief as well as an award of compensatory and punitive damages. In an amended complaint, appellant additionally alleged a state-law claim of negligence against appellee Ferricher based on the failure to protect him, and he did not include the claim of abuse of authority.

In separate motions, appellees moved to dismiss both the complaint and the amended complaint on the basis that the claims were barred by the statute of limitations and immunity. In response, appellant alleged that he had previously filed a civil-rights action on March 4, 2011, alleging excessive force, failure to protect, and abuse of authority, and he contended that his action was not barred by the statute of limitations due to the application of the Arkansas savings statute, Arkansas Code Annotated section 16-56-126(a) (Repl. 2005). Appellant also argued that appellees were not entitled to immunity from the claims. Attached to appellant's response were an "Order of Dismissal" and "Order Denying Relief from Judgment" from the previously filed case. In the Order of Dismissal, entered July 12, 2011, the trial court dismissed the previously filed case without prejudice pursuant to Rule 4(i) of the Arkansas Rules of Civil Procedure for failure to obtain service. In the Order Denying Relief from Judgment, entered September 23, 2011, the trial court considered appellant's motion for relief from the dismissal and found that

a lack of knowledge of the rules alone was not good cause for failure to comply with service rules. In the order, the trial court noted that summonses had been issued and delivered to the Jefferson County Sheriff's Office for service but that both summonses had been returned as not served. Appellant did not attach a copy of the complaint or any other pleadings from the previously filed case to his response. The trial court dismissed appellant's case with prejudice, finding that appellees' arguments to support the dismissal were well-founded and that appellant had failed to state a claim upon which relief could be granted.[1] We hold that appellant's claims are barred by the statute of limitations. In so holding, it is unnecessary to reach the issue of immunity or address appellant's remaining points on appeal.[2]

The United States Supreme Court has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims. *Wilson v. Garcia*, 471 U.S. 261 (1985), *superseded on other grounds by* 28 U.S.C. § 1658(a), *as recognized*

---

[1]On the date that he filed the amended complaint, appellant filed a "Motion for Leave to File An Amended Complaint and Brief in Support." Thereafter, appellees filed a motion to dismiss the amended complaint along with a brief in support based on the same arguments raised in the motion to dismiss the original complaint. The trial court did not rule on appellant's motion for leave. Instead, the court dismissed the "case" with prejudice on April 12, 2012. Appellant contends for the first time on appeal that the trial court erred in dismissing his case before ruling on the motion for leave. However, relief from the trial court was not required in order to file the amended complaint. Pursuant to Rule 15(a) of the Arkansas Rules of Civil Procedure, with the exception of pleading certain defenses, a party may amend his pleadings at any time without leave of the court. In its order of dismissal, the trial court stated that based on its examination of the "pleadings" and applicable law, it dismissed the "case" with prejudice. Based on our rules of procedure and the language in the order, it is clear that the trial court considered both the original complaint and the amended complaint and that the order dismissed both pleadings.

[2]In addition, we do not consider arguments made for the first time on appeal. *State v. Robinson*, 2013 Ark. 425, ___ S.W.3d ___.

SLIP OPINION

*in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). In Arkansas, the statute of limitations for personal-injury claims is three years. Ark. Code Ann. § 16-56-105(3) (Repl. 2005). Thus, we apply the three-year limitations period to appellant's § 1983 claims. Likewise, the three-year statute of limitations applies to appellant's state-law negligence claim. *See* Ark. Code Ann. § 16-56-105; *Bryan v. City of Cotter*, 2009 Ark. 457, 344 S.W.3d 654. Accordingly, appellant's § 1983 and state-law negligence claims are barred by the applicable three-year limitations period.

The defendant has the burden of affirmatively pleading the running of the statute of limitations as a defense. *Barre v. Hoffman*, 2009 Ark. 373, 326 S.W.3d 415. When it is clear from the face of the complaint that the action is barred by the applicable limitations period, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the statute of limitations was tolled. *Id.* Because the § 1983 and negligence claims arise from events that allegedly occurred on January 11, 2009, and the complaint was not filed until February 13, 2013, it is clear from the face of the complaint that these claims are barred by the three-year limitations period. Because appellees raised the statute of limitations as a defense in their motions to dismiss, the burden shifted to appellant to prove by a preponderance of the evidence that the limitations period was tolled by the savings statute.

Pursuant to the savings statute, when a plaintiff timely commences the original action and then subsequently suffers a nonsuit or the judgment is arrested or reversed, a new action may be commenced within one year from the date of the nonsuit suffered or judgment arrested or reversed. Ark. Code Ann. § 16-56-126(a) (Repl. 2005). We have consistently referred to the savings statute as requiring that the subsequent action be for the same cause as the previously

filed action. *Forrest City Mach. Works, Inc. v. Lyons*, 315 Ark. 173, 866 S.W.2d 372 (1993); *Carton v. Missouri Pac. R.R. Co.*, 295 Ark. 126, 747 S.W.2d 93 (1988); *Oliver v. Miller*, 239 Ark. 1043, 396 S.W.2d 288 (1965); *see Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003) (holding plaintiff could not invoke protection of savings statute as against co-defendant, who was not a party to the original action, because the three-year limitations period for filing a fraud claim had expired by the time that plaintiff refiled and then amended the complaint to add co-defendant). The only evidence of the cause brought in the previously filed action is found in the Order Denying Relief from Judgment with the heading, "Lawrence Baker, et al." In the order, the trial court referred to appellant's previously filed action as alleging that his civil rights had been violated, and it indicated that "both" summonses had been returned as not served. However, appellant fails to include the complaint or any other filing from the previous action in the record to show that he is raising the same claims as in the previously filed action. Further, he fails to provide evidence that appellee Ferricher was even named as a defendant in the previously filed action. Accordingly, he does not meet his burden of proving that the action is for the same cause as the previously filed action as necessary to toll the limitations period.

Moreover, Arkansas Code Annotated section 16-56-126 requires that if an action is "commenced" within the applicable statute-of-limitations period, and the plaintiff suffers a nonsuit, a new suit may be "commenced" within one year from the date of the dismissal. Thus, before the statute applies, an action must have been commenced. *Rettig v. Ballard*, 2009 Ark. 629, 362 S.W.3d 260 (citing Ark. Code Ann. § 16-56-126(a)). For purposes of the savings statute, a

SLIP OPINION

suit is commenced when the complaint is timely filed and service of the complaint and summons (effective or defective) is completed within the 120-day period required by Rule 4(i) of the Arkansas Rules of Civil Procedure. *Id.* (citing *Forrest City Mach. Works, Inc.*, 315 Ark. 173, 866 S.W.2d 372). The failure to timely obtain completed service in the previously filed action prevents the plaintiff from invoking the protection of the savings statute. *Thomson v. Zufari*, 325 Ark. 208, 924 S.W.2d 796 (1996); *Hicks v. Clark*, 316 Ark. 148, 870 S.W.2d 750 (1994).

Here, the complaint was filed in the previous action before the three-year statute-of-limitations period expired. However, service of the complaint and summons was not made on appellees, and the complaint was dismissed due to failure of service. Accordingly, the action was not commenced for purposes of the savings statute so that appellant is not entitled to the benefit of the savings statute. The limitations period was not tolled, and appellant was required to file the § 1983 claims and the negligence claim on or before January 11, 2012. Because the complaint in the current action was not filed until February 13, 2012, and the limitations period was not tolled, the trial court properly dismissed the case as to these claims.

Appellant's state-law claims of assault and battery are also barred by the statute of limitations. Arkansas Code Annotated section 16-56-104(2) (Repl. 2005) imposes a limitation of one year on all actions for assault and battery. The alleged assault and battery occurred on January 11, 2009; thus, a complaint based on these claims was barred by the one-year limitations period when the initial action was filed on March 4, 2011. Not only was appellant not entitled to the savings statute, as held herein, but his action was also barred because, even if applicable, the savings statute cannot revive a claim that was already time-barred when the first action was



filed.[3]

Affirmed; motion moot.

*Reginald R. Early*, pro se appellant.

No response.

---

[3]Appellant's argument that he invoked 28 U.S.C. § 1367 (2006), the federal supplemental-jurisdiction statute, thereby tolling the limitations period for the state-law assault-and-battery claims is without merit. This statutory section addresses the supplemental jurisdiction of federal district courts over claims related to a civil action of which the federal district court has original jurisdiction, and it sets out the period of limitations for such supplemental claims. Here, the trial court is a state court with original, not supplemental, jurisdiction of the assault-and-battery claims, and 28 U.S.C. § 1367 is not applicable.