In the Matter of MICHAEL SOTO, Respondent, v GREENPOINT HOSPITAL, Appellant.—In a proceeding pursuant to section 50-e of the General Municipal Law for permission to serve a late notice of claim, the appeal is from an order of the Supreme Court, Kings County, dated June 23, 1978, which granted the petition. Order reversed, on the law, without costs or

disbursements, and application denied. In July, 1973, when the petitioner was five and one-half years old, he complained of difficulty in breathing and swallowing and was taken to the Greenpoint Hospital. Following his examination by a physician, petitioner's mother was advised that there was nothing wrong. Nevertheless, it is alleged that over the following two years petitioner suffered weight loss, became ill, and ultimately was hospitalized in October, 1975. Surgery in March, 1976 uncovered a toy lodged in petitioner's esophagus. Based upon these facts, petitioner, by motion returnable March 17, 1978, commenced a proceeding pursuant to section 50-e of the General Municipal Law for permission to file a late notice of claim. He prevailed at Special Term on the theory that section 50-e of the General Municipal Law, as amended in 1976 (L 1976, ch 745, § 2), should be applied retroactively so as to avoid the strict one-year limitation in which one must petition for leave to file a late notice of claim under the pre-1976 statute. This theory has been explicitly rejected in *Matter of Beary v City of Rye* (44 NY2d 398), and petitioner now asserts on appeal that under the "foreign object" exception to the general rule that a cause of action founded in medical malpractice accrues upon the date of the commission of the malpractice, his cause of action accrued upon the discovery of the object in March, 1976 and, therefore, pursuant to *Matter of Beary v City of Rye (supra,* p 413), the statute as amended controls. Although the malpractice in the case at bar, loosely speaking, involves a foreign object, it does not come within the "foreign object" exception to the general rule that a cause of action based upon medical malpractice accrues at the time of the commission of the act. In contrast to the line of cases beginning with *Flanagan v Mount Eden Gen. Hosp.* (24 NY2d 427), the instant case does not rest solely on the presence of a foreign object left within petitioner's body, but is founded exclusively upon diagnostic judgment or discretion. As such, *Flanagan,* which is to be narrowly construed (see *Merced v New York City Health & Hosps. Corp.,* 44 NY2d 398, 414) is inapposite (see *Schiffman v Hospital for Joint Diseases,* 36 AD2d 31, 33). Petitioner's cause of action, therefore, accrued in July, 1973, and section 50-e of the General Municipal Law as it existed prior to the 1976 amendment controls (see *Matter of Beary v City of Rye, supra,* p 413). Pursuant to the provisions of that statute, a petition to file a late notice of claim must be made within one year of the accrual of the cause of action. This requirement is inflexible and consequently the instant petition must be denied as untimely (see *Matter of Martin v School Bd. of Union Free School Dist. No. 28, Long Beach,* 301 NY 233, 238-239). Hopkins, J. P., Lazer, Gibbons and Gulotta, JJ., concur.