**Fonshae BECKETT, Plaintiff Below, Appellant,**

v.

**BEEBE MEDICAL CENTER, INC., and Ramakrishna Tatineni, M.D. Defendants Below, Appellees.**

No. 404,2005.

Supreme Court of Delaware.

Submitted: Jan. 18, 2006.
Decided: March 28, 2006.
Reargument Denied April 24, 2006.

L. Vincent Ramunno, Esq. (argued), of Ramunno, Ramunno & Scerba, P.A., Wilmington, Delaware, for appellant.

Dennis D. Ferri, Esq. (argued) and John A. Elzufon, Esq. (argued), of Elzufon, Austin, Reardon, Tarlov & Mondell, P.A., Wilmington, Delaware, for appellees.

Before HOLLAND, JACOBS, and RIDGELY, Justices.

RIDGELY, Justice.

Plaintiff–Appellant Fonshae Beckett appeals the Superior Court's dismissal of her medical negligence claim for failure to file an Affidavit of Merit, as required by 18 Del. C. § 6853. The General Assembly has enumerated several exceptions to the Affidavit of Merit requirement including when a "foreign object was unintentionally left within the body of the patient following surgery."[1] Plaintiff alleged this exception applied to her claim, but the Superior Court disagreed. We conclude that the Superior Court correctly held that an Affidavit of Merit was required to be filed in this case. We further conclude, howev-

---

1. 18 Del. C. § 6853(e)(1).

er, that the Superior Court erred in concluding that it lacked discretion to allow additional time for Plaintiff to file an Affidavit of Merit after making that determination. Accordingly, we reverse the judgment of dismissal and remand this matter for further proceedings.

## I. Background

On or about December 31, 2002, Plaintiff Fonshae Beckett stepped on a toothpick, and it became imbedded in her foot. On January 2, 2003, she went to Beebe Medical Center, where a CT scan revealed the linear foreign body measuring 3.0 cm embedded between her fourth and fifth metatarsals. On January 3, 2003, Dr. Ramakrishna Tatineni performed exploratory surgery with the goal of removing the toothpick, but he was unable to find or remove it. Dr. Tatineni's operative report stated that there was no foreign body in Plaintiff's foot.

On March 31, 2004 that Plaintiff underwent a second surgery by a different surgeon. This surgery was successful, and the toothpick was removed.

In Delaware, medical negligence complaints generally must be accompanied by an Affidavit of Merit signed by a qualified expert witness.[2] However, the General Assembly has provided that an "Affidavit of Merit shall be unnecessary if the complaint alleges a rebuttable inference of medical negligence..." which arises in one or more of these three exceptional circumstances:

(1) A foreign object was unintentionally left in the body of the patient following surgery;

(2) An explosion or fire originating in a substance used in treatment oc-

curred in the course of treatment; or

(3) A surgical procedure was performed on the wrong patient or the wrong organ, limb or part of the patient's body.[3]

Plaintiff's attorney read this statute and concluded that the foreign object exception applied to his client's claim. When he filed the complaint on November 24, 2004, he wrote to the Prothonotary as follows:

I am enclosing the original and 2 copies of the Complaint in the above captioned matter. Please note that an Affidavit of Merit is not required because as alleged in the Complaint there is a refutable [sic] inference of negligence since a foreign body was left in the Plaintiff's foot after surgery.

Plaintiff also expressly alleged in paragraph 7 of her complaint that an Affidavit of Merit was not required under the statute based upon the foreign object exception.

Beebe Medical Center answered the complaint on December 16, 2004 but did not challenge the complaint for the lack of an Affidavit of Merit. In its response to paragraph 7 of the complaint which alleged that an Affidavit of Merit was not required, Beebe averred "This paragraph contains a recitation of Delaware law and no response is required."

Dr. Tatineni was served with the complaint on December 9, 2004. Dr. Tatineni's attorney requested Plaintiff's attorney to agree to an extension for him to file a response to the complaint which otherwise would have been due on December 29, 2004. As a matter of courtesy, Plaintiff's attorney granted an extension until January 12, 2005. The statute of limitations was tolled on January 3, 2005.

---

**2.** 18 Del. C. § 6853(a). "No healthcare negligence lawsuit shall be filed in this State unless the complaint is accompanied by: (1) An

Affidavit of Merit as to each defendant signed by an expert witness..."

**3.** 18 Del. C. § 6853(e).

On January 12, 2005, Dr. Tatineni filed a motion to dismiss Plaintiff's complaint for failure to file (1) an Affidavit of Merit or (2) a Motion to Extend the time to file the Affidavit. Beebe Medical Center then joined in Dr. Tatineni's motion to dismiss. In response to these filings, Plaintiff filed an Affidavit of Merit with the Superior Court on March 14, 2005 while the motion to dismiss was pending.

On August 4, 2005, the Superior Court granted Defendants' motion to dismiss because (1) "the term 'foreign object' refers only to those objects not present in the patient's body before commencement of treatment by a healthcare provider in the course of treatment" and (2) "the strict time deadlines of § 6853(a)(2) governing extensions of time to plaintiffs to file an Affidavit of Merit were not followed."

## II. Discussion

In this appeal plaintiff challenges both grounds for the Superior Court's dismissal of her complaint. First, Plaintiff contends that Section 6853(e)(1) allows a patient who already has a foreign object in her body to rely upon a rebuttable inference of negligence when a health care provider engages in a procedure to remove that object but does not do so. Second, Plaintiff contends that the Superior Court erred by refusing to allow her time to file an

Affidavit of Merit after it determined that the statutory exception she expressly relied upon in her complaint did not apply.

### A. The "Foreign Object" Exception

■ The Delaware Code establishes a general requirement that an Affidavit of Merit signed by an expert witness must be filed together with a complaint in a medical negligence action.[4] An Affidavit of Merit is not required, however, if "the complaint alleges [one of three] rebuttable inference[s] of medical negligence."[5] Plaintiff relied upon the inference of medical negligence arising from the fact that "[a] foreign object was unintentionally left within the body of the patient following surgery."[6]

Plaintiff argues that this rebuttable inference applies, because Dr. Tatineni unintentionally left the toothpick in her foot after having performed exploratory surgery to remove it. However, it is undisputed that the toothpick was present in Plaintiff's body before the medical procedure performed by Dr. Tatineni. Thus, the facts here are distinguishable from cases where a medical instrument *introduced* during surgery remained in the patient's body (*e.g.*, a surgical sponge or a catheter tip[7]).

The Superior Court previously has held that the term "foreign object" applies only to an object introduced during surgery.[8]

---

**4.** *See* 18 Del. C. § 6853(a) No healthcare negligence lawsuit shall be filed in this State unless the complaint is accompanied by: (1) An Affidavit of Merit as to each defendant signed by an expert witness, as defined in § 6854 of this title, and accompanied by a current curriculum vitae of the witness, stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant …

**5.** 18 Del. C. § 6853(b).

**6.** 18 Del. C. § 6853(e)(1).

**7.** *Sostre v. Swift,* Del.Supr., 603 A.2d 809, 810–811, Holland, J. (Del.1992).

**8.** *See, e.g., Despres v. Moyer,* 827 A.2d 61, 65–66 (Me.2003) ("one can only 'leave' a foreign object that one has inserted, and that if a physician has not inserted the foreign object in question, the exception to the statute does not apply."); *Dalbey v. Banks,* 245 Ga. 162, 264 S.E.2d 4 (Ga.1980) (doctor's failure to remove particles of ceramic glass from patient's hand which were not placed there by doctor not sufficient for the statutory exception applying where a foreign object has been left in patent's body); *Clark v. Mem'l Hosp. of Bainbridge,* 145 Ga.App. 305, 243 S.E.2d 695,

In *Lacy v. G.D. Searle & Co.*, the Court explained:

> the phrase used in [18 Del. C. § 6853(e)(1)] was used to refer to an object which was not present in the person's body before commencement of the immediate health care provider procedure which was present in the person's body after conclusion of the procedure. [A foreign body] was present in plaintiff's body before the procedure commenced, and hence was not within the meaning of that phrase.[9]

Plaintiff asks us to hold the statutory exception of Section 6853 applies more broadly, to encompass situations where an object existing in the body before surgery to remove it remains in the body after that surgery. We decline to broaden the scope of Section 6853(e)(i) in this manner.

The purpose of Section 6853 is to "require that expert medical testimony be presented to allege a deviation from the applicable standard of care."[10] The intent of the General Assembly in enacting this provision was to reduce the filing of meritless medical negligence claims. By requiring an Affidavit of Merit, the General Assembly intended to require review of a patient's claim by a qualified medical professional, and for that professional to determine that there are reasonable grounds to believe that the health care provider has breached the applicable standard of care

that caused the injuries claimed in the complaint.

The underlying issue in this case is whether Dr. Tatineni was negligent in performing surgery to remove a foreign object already present. This is not a claim of negligence which speaks for itself as would the failure to remove from the patient's body a surgical instrument used during the surgery. Expert testimony is necessary to determine the merits of this claim. We agree with the Superior Court that the foreign object exception was not intended to apply to the facts of this case.

Accordingly, we approve the definition of "foreign object" announced in *Lacy* and reiterated by the Superior Court here. "Foreign object" within the meaning of Section 6853 refers to an object not present in the patient's body before the commencement of the procedure by the health care provider and that was present in the patient's body after conclusion of the procedure. Because the facts alleged here do not fit this definition, an Affidavit of Merit was required.

## B. The Superior Court's Discretion

■ We now turn to the issue of whether the Superior Court had the discretion to grant an extension to allow Plaintiff to file an Affidavit of Merit. "In Delaware, public policy favors permitting a litigant a right to a day in court."[11]

---

696 (1978); *Garrett v. Brooklyn Hosp.*, 99 A.D.2d 541, 471 N.Y.S.2d 621, 622 (N.Y.App. Div.1984); and *Soto v. Greenpoint Hosp.*, 76 A.D.2d 928, 429 N.Y.S.2d 723, 724 (N.Y.App. Div.1980)). *See also* Sara L. Johnson, Annotation, *Medical Malpractice: applicability of "foreign object" exception in medical malpractice statutes of limitations*, 50 A.L.R.4th 250, § 2[a] and § 3 (1986) ("The courts have held that a 'foreign object' exception ... was not applicable where the object was in the body before treatment.").

9. *Lacy v. G.D. Searle & Co.*, Del.Super. Ct. 484 A.2d 527, 531 (1984).

10. *Adams v. Luciani*, Del.Supr., No. 119, 2003, ¶ 8, Steele, J., 2003 WL 22873038, *2, 2003 Del. LEXIS 587, *6 (Order).

11. *Dolan v. Williams*, Del.Supr., No. 289, 1997, 707 A.2d 34, 36 (1998) (citing Del. Const., art. I, § 9; *Giles v. Rodolico*, Del. Supr., 51 Del. 143, 140 A.2d 263, 267 (1958); *Battaglia v. Wilmington Sav. Fund Soc.*, Del. Supr., 379 A.2d 1132, 1135 (1977)). *See also Tsipouras v. Tsipouras*, Del.Supr., No. 213, 1995, 677 A.2d 493, 496 (1996); *Reynolds v. Reynolds*, Del.Supr., No. 214, 1990, 595 A.2d 385, 389 (1991).

Courts should apply rules with "a liberal construction because of the underlying public policy that favors a trial on the merits, as distinguished from a judgment based on a default."[12]

Here, the General Assembly has provided for a single extension of 60 days to file an Affidavit of Merit for good cause shown, which includes, but is not limited to, "the inability to obtain, despite reasonable efforts, relevant medical records for expert review."[13] However, in three circumstances an Affidavit of Merit is not required because of a rebuttable inference of medical negligence. One of these circumstances was expressly alleged here. The complaint in this case, although facially in compliance with Section 6853 when filed, was determined to be procedurally defective because the alleged foreign object did not satisfy the "statutory rebuttable inference" exception.

No language within Section 6853 or any court rule expressly addresses either this circumstance or the power of the trial court to condition the dismissal of the complaint upon the Plaintiff's failure to cure the procedural defect within a reasonable time. In the absence of a contrary statute or court rule, we hold that the Superior Court had the discretion to act consistent with the public policy that favors a trial on the merits. The Superior Court had the discretionary authority to accept the Affidavit of Merit that had been filed "out of time" or to allow a reasonable time to file one to avoid the dismissal of the complaint which alleged a statutory rebuttable inference of negligence.[14]

**12.** *Old Guard Ins. Co. v. Jimmy's Grille, Inc.,* Del.Supr., No. 542, 2003, ¶ 13, 2004 WL 2154286, 2004 Del. LEXIS 417 (Sept. 21, 2004) (Order) (citations omitted).

**13.** 18 Del. C. § 6853(a)(2).

### III. Conclusion

The judgment of the Superior Court that an Affidavit of Merit is required to accompany the complaint in this case is AFFIRMED. The judgment dismissing the complaint is REVERSED and this matter is remanded for further proceedings consistent with this Opinion.

**14.** *Compare McBride v. Shipley Manor Health Care,* Del.Super. 2005 WL 2090695 (2005) (Affidavit of Merit required as a matter of law for claim against skilled nursing facility. The Superior Court allowed plaintiff 21 days to file one to avoid dismissal of the complaint).