IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| CRYSTAL SMITH, | § |
| | § No. 404, 2014 |
| Plaintiff Below-Appellant, | § |
| | § |
| | § |
| v. | § Court Below—Superior Court |
| | § of the State of Delaware, |
| WALTER KOBASA, JR., M.D. and | § in and for New Castle County |
| CHRISTIANA CARE HEALTH | § C.A. No. N14C-01-241 |
| SYSTEM, | § |
| | § |
| Defendants Below-Appellees. | § |
| | § |

Submitted: February 27, 2015
Decided: April 24, 2015

Before **STRINE**, Chief Justice, **VALIHURA**, and **VAUGHN**, Justices.

**O R D E R**

This 24th day of April 2015, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)  The plaintiff-appellant, Crystal Smith ("Smith"), filed this appeal from three orders of the Superior Court, dated July 1, 2014, which denied Smith's second motion for an extension of time to file an Affidavit of Merit as to each defendant and granted the defendants-appellees' respective motions to dismiss Smith's medical malpractice complaint for failure to file the required Affidavit in a timely manner. We find no merit to the appeal. Accordingly, we affirm the Superior Court's judgment.

(2) On January 28, 2014, Smith, acting *pro se*, filed a medical malpractice complaint against Walter Kobasa, Jr., M.D. ("Kobasa"), and Christiana Care Health System ("CCHS"). Smith's two-page complaint alleged that the defendants were negligent for failing to perform a cesarean section on January 28, 2012, which resulted in the death of her child *in utero*.[1] Her complaint was not accompanied by an Affidavit of Merit as to either defendant or a request for an extension of time to obtain the necessary affidavits.[2]

(3) CCHS filed a motion to dismiss on February 19, 2014, which Kobasa joined on March 4, 2014. The Superior Court held a hearing on the motion to dismiss on March 28, 2014. The defendants argued that Smith's complaint did not comply with the statutory requirements and should not have been accepted by the Prothonotary for docketing.[3] Smith asserted that she did not attach an Affidavit of Merit to her complaint because the medical

---

[1] Smith reported to the hospital emergency room on January 28, 2012 when she was thirty-eight weeks pregnant, but she was later released. During office visits on January 30, 2012 and February 6, 2012, Kobasa examined Smith and recorded the presence of a fetal heartbeat. During Smith's office visit on February 13, 2012, Kobasa recorded no fetal heartbeat and referred Smith to the hospital.

[2] DEL. CODE ANN. tit. 18, § 6853(a)(1) (Supp. 2014). Section 6853(a)(1) provides that no medical negligence complaint shall be filed unless it is accompanied by an affidavit of merit as to each defendant signed by an expert witness or a motion to the extend the time for filing the affidavit.

[3] *Id.* Section 6853(a)(1) further provides that, if the affidavit or motion is not filed with the complaint, the clerk of the court "shall refuse to file the complaint and it shall not be docketed with the court...."

records provided to her by the defendants (and by her previous attorney) were incomplete and prevented several experts whom she contacted from creating the necessary Affidavit. At the conclusion of the hearing, the Superior Court denied the defendants' motions to dismiss, reasoning that Smith was *pro se* and had alleged that incomplete records had frustrated her attempts to obtain the Affidavit of Merit. The court granted Smith 45 days (or until May 12, 2014) to file the Affidavit.

(4) On April 4, 2014, CCHS filed a motion for reargument, arguing that the Superior Court had overlooked case law supporting dismissal of Smith's complaint for failure to comply with the statutory requirements.[4] Smith did not respond to the motion for reargument. Instead, on May 7, 2014, she filed a motion requesting a further extension of time to obtain certain medical records that she contended were necessary in order to file an Affidavit of Merit. The defendants opposed her request. The Superior Court held a hearing on May 16, 2014. The judge ordered Kobasa to deliver a copy of Smith's medical records to the judge by May 19, 2014. The Superior Court deferred any further ruling and rescheduled the hearing until

---

[4] *See Dishmon v. Fucci*, 32 A.3d 338, 344-45 (Del. 2011) ("From the plain language of Section 6853, it is clear that where a party fails to file an Affidavit of Merit with the Superior Court, the Court will not entertain the case.").

May 30, 2014, directing the defendants to be prepared to present information about Smith's (or her former counsel's) record requests.

(5)    At the May 30, 2014 hearing, Smith produced an Affidavit of Merit. The defendants renewed their motion to dismiss, arguing, among other things, that Smith's original explanation for failing to timely file the Affidavit was the lack of complete medical records, yet no additional medical records had been provided to her and she was able to obtain the Affidavit anyway. Smith asserted that she had made several record requests and that the records she first received were different from the records she received later. At the conclusion of the hearing, the Superior Court gave Smith until June 6, 2014 to submit documentation supporting her contention that the records she received from the defendants contained discrepancies. The court also gave the defendants until June 13, 2014 to file new or revised motions.

(6)    Smith failed to submit any further documentation. CCHS filed a second motion to dismiss and a revised motion for reargument of the Superior Court's denial of its first motion to dismiss. Smith did not respond to either motion. On July 1, 2014, the Superior Court issued three different orders. The first order denied, *nunc pro tunc*, Smith's May 7th request for a further extension of time to file the Affidavit of Merit. The second order

granted CCHS's second motion to dismiss. The third order granted Kobasa's motion to dismiss. The Superior Court held that, despite affording Smith considerable leniency to support her explanation for failing to file the required Affidavit of Merit in a timely manner, Smith was unable to establish that her failure was due to her inability to obtain complete records from the defendants. In fact, the court noted, the records that Smith initially contended were incomplete were the same records that she later used to obtain the untimely Affidavit she submitted on May 30, 2014. The Superior Court dismissed Smith's complaint for failure to file her Affidavit of Merit in a timely manner. This appeal followed.

(7) After careful consideration of the parties' briefs, the Court finds no merit to Smith's appeal. Section 6853(a)(1) of Title 18 of the Delaware Code requires that "[n]o healthcare negligence lawsuit shall be filed in this State unless the complaint is accompanied by...[a]n affidavit of merit as to each defendant signed by an expert witness....stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant."[5] Moreover, the statute directs

---

[5] DEL. CODE ANN. tit. 18, § 6853(a)(1) (Supp. 2014). Under § 6853(e), the only exceptions to the affidavit requirement, which are inapplicable in this case, are when the alleged medical negligence involves: (i) a foreign body unintentionally left within the patient following surgery; (ii) a fire or explosion originating in a substance used in treatment and occurring during the course of treatment; or (iii) a surgical procedure on the wrong patient or wrong body part

that, if the required Affidavit or a motion for extension of time does not accompany the complaint, then "the Prothonotary or clerk of the court shall refuse to file the complaint and it shall not be docketed with the court."[6]

(8) Although this Court noted, under very different circumstances, that the Superior Court has some discretion to accept an untimely Affidavit of Merit,[7] we find no abuse of the Superior Court's discretion in refusing to accept Smith's untimely Affidavit under the circumstances of this case. It is undisputed that, when she filed her complaint on January 28, 2014, Smith did not include an Affidavit of Merit as to either defendant, nor did she include a motion to extend the time to file the Affidavit. Even if Smith had filed a timely motion to extend the time to filed the required Affidavit, Section 6853(a)(2) permits the Superior Court, for good cause shown, to "grant a single 60-day extension." Good cause under the statute includes, but is not limited to, the inability to obtain relevant medical records for expert review.[8]

(9) The Superior Court granted Smith one extension of time in this case and gave her numerous opportunities to establish good cause for her

---

[6] *Id.* § 6853(a)(1).

[7] *See Beckett v. Beebe Medical Ctr.*, 897 A.2d 753, 757-58 (Del 2006) (holding that the Superior Court had discretion to accept plaintiff's untimely Affidavit where plaintiff's counsel erroneously believed that the Affidavit was not required because the Complaint fell under the foreign body exception to the Affidavit requirement).

[8] DEL. CODE ANN. tit. 18, § 6853(a)(2) (Supp. 2014).

inability to timely file the Affidavit of Merit. Smith was unable to establish any cause. Her *pro se* status does not excuse her failure to comply with the statutory requirements and the Superior Court's orders.[9] Accordingly, we find no abuse of the Superior Court's discretion in denying Smith's second request for an extension of time, nor do we find any error in the Superior Court's dismissal of Smith's complaint.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[9] *See Smith v. Correct Care Solutions*, 2012 WL 3252864 (Del. Aug. 9, 2012).