ALD-212                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3698
_____

JOHN RANDOLPH DUPREE, SR.,
Appellant

v.

JANE DOE 1, Employed as Nurse Practitioner at Howard R. Young Correctional Center;
JANE DOE 2, Employed as Nurse Practitioner as Delaware Correctional Center; JANE
DOE 3, Employed as Nurse Practitioner at Delaware Correctional Center; FIRST
MEDICAL SERVICES, and their Administrators- Medical Carrier;
CORRECTIONAL MEDICAL SERVICES (CMS), and their Administrators- Medical
Provider; CHUKS IHUOMA; DR. O; DR. OKETOKUN
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1-10-cv-00351)
District Judge: Honorable Leonard P. Stark
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 7, 2016
Before:  AMBRO, SHWARTZ and NYGAARD, Circuit Judges

(Opinion filed: April 14, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant John Dupree appeals from the judgment of the United States District Court for the District of Delaware in his § 1983 action. As the appeal does not present a substantial question, we will summarily affirm the decision of the District Court.

I.

Dupree initiated this § 1983 action in 2010 against various medical personnel from the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, alleging that these Defendants denied him adequate medical care in connection with a skin condition from which he suffers, which has been variously described as dermatitis, eczema, psoriasis, or lichen simplex. The gravamen of Dupree's complaint is that Defendants' delayed provision of medication for his skin condition necessitated an April 2009 hospitalization for cellulitis to remove large masses from his chest and neck, which he claims nearly cost him his life.

Medical records indicate that Dupree was prescribed 15-gram tubes of triamcinolone to treat his skin condition, and that each tube is expected to last approximately thirty days.[1] Dupree received 15-gram tubes on January 9, 2009, January 14, 2009, February 12, 2009, February 18, 2009, February 27, 2009, and March 20, 2009. In April of 2009, he was admitted to Kent General Hospital, and underwent surgery for cellulitis, though he testified in his deposition that no one at VCC was aware of the cellulitis because it did not present in a normal way. Dupree also testified in his deposition that Doctors Barnett and Amato from Kent General Hospital would verify that

---

[1] In his deposition, Dupree contends that each tube lasted only 7-10 days.

his hospitalization for cellulitis resulted from the delayed provision of medication for his skin condition.

Doctors Barnett and Amato submitted undated affidavits to the District Court indicating that neither had "an opinion, medical or otherwise, concerning whether any delay in receipt of medication caused or contributed to Mr. Dupree's hospitalization." On January 13, 2015, Nurse Practitioner Ihuoma Chuks, a named defendant in this action, also submitted an affidavit to the District Court indicating that he "found no example of intentional or unreasonable delay in providing mediation to the Plaintiff. Instead, any delay or problems . . . appear to be just a function of the time that lapses between submitting a sick call slip and being scheduled to see the doctor for non-emergency matters." Concerning the connection between Dupree's skin condition and his hospitalization for cellulitis, Chuks stated in his affidavit:

> [I]t is my opinion that it was not the medical care, or as alleged the lack there of, that caused the Plaintiff's hospitalization for cellulitis. In fact, cellulitis is a bacterial skin infection that in only half of the cases is caused by bacteria entering the body through cuts, insect bites or other skin injuries. While a skin condition such as eczema may be a contributing factor in the development of cellulitis it is not the only factor. The chances of contracting cellulitis are increased by a weakened immune system, a history of cellulitis and exposure to bacteria including staphylococcus and streptococcus, which is often found in prison setting. I am of the opinion, from what I have reviewed in the medical records and remember from my interaction with the Plaintiff, that there was no delay or denial of medical care to Plaintiff. Therefore, the medical care did not cause or contribute to the Plaintiff contracting cellulitis.

Dupree filed his initial complaint on April 27, 2010, alleging that he nearly lost his life "as a direct result from the neglect in medical treatment." On June 8, 2012, the District Court dismissed Dupree's state negligence claim because he failed to provide a

supporting affidavit of merit.[2]  On July 31, 2015, the District Court granted Defendants'

renewed motion for summary judgment on Dupree's § 1983 claim,[3] finding that it

amounted, at worst, to negligence, and that he failed to support it with expert testimony.

Following the District Court's denial of his "Motion to Alter or Amend the Judgment,"

this timely appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291.  We review the District Court's

dismissal under Rule 12(b)(6) using the same test that the District Court should have

applied and ask whether the complaint contains "sufficient factual matter; accepted as

true; to state a claim to relief that is plausible on this face." Fantone v. Latini, 780 F.3d

184, 186-193 (3d Cir. 2015) (citing Ashcroft v. Iqbal; 556 U.S. 662, 678 (2009)).  We

also exercise plenary review over the District Court's award of summary judgment and

apply the same test the District Court should have utilized – whether the record "shows

that there is no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law." Giles v. Kearney, 571 F.3d 318, 322 (3d Cir. 2009).  In

applying this test, we must accept evidence presented by the non-movant as true and

draw all justifiable factual inferences in his favor. Id.  We may summarily affirm any

decision of the District Court where "it clearly appears that no substantial question is

---

[2] The Court dismissed this claim without prejudice, permitting Dupree to acquire the required affidavit.  He never did so.

[3] The District Court previously denied Defendants' motion upon Dupree's representation that he would subpoena certain witnesses who could support his claim without the need for an expert witness.

presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6 (2015).

We detect no error in the District Court's dismissal of Dupree's state negligence claim because he failed to provide an affidavit of merit as required under Delaware law. Beckett v. Beebe Med. Ctr., Inc., 897 A.2d 753, 755 (Del. 2006) ("In Delaware, medical negligence complaints generally must be accompanied by an Affidavit of Merit signed by a qualified expert witness.").

We also detect no error in the District Court's award of summary judgment because Dupree failed to submit any competent evidence to establish a causal connection between the alleged delayed provision of medication and his subsequent hospitalization for cellulitis.[4] White v. Roper, 901 F.2d 1501, 1505 (9th Cir. 1990). ("To prevail and recover damages on [a] section 1983 claim under ... a deliberate indifference ... theory [the plaintiff] must prove that [the defendant's] actions were both the actual and the proximate cause of [the plaintiff's] injuries."). Dupree has offered, instead, bare speculation to establish the connection between his treatment and subsequent hospitalization, which is insufficient to overcome a motion for summary judgment. See Oates v. Discovery Zone, 116 F.3d 1161, 1165 (7th Cir. 1997) ("[A] non-moving party may not avert summary judgment by baldly contesting his adversary's factual

---

[4] Causation aside, it appears that Dupree received reasonably attentive, and prompt, medical care, and that his claim would also fail on this basis. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) ("[m]ere disagreement as to the proper course of medical treatment" is insufficient to state an Eighth Amendment claim); Norris v. Frame, 585 F.2d 1183, 1186 (3d Cir. 1978) ("Where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim.").

allegations."); <u>First Nat'l Bank of Arizona v. Cities Serv. Co</u>., 391 U.S. 253, 290 (1968) (plaintiff cannot rest on his allegations to get to a jury without "any significant probative evidence tending to support the complaint").

Accordingly, we will summarily affirm the decision of the District Court.