# SUPERIOR COURT

# OF THE

# STATE OF DELAWARE

NOEL EASON PRIMOS
   JUDGE

Kent County Courthouse
38 The Green
Dover, DE 19901
302-735-2131

October 12, 2021


Danna Browne & Pat Whiteman
1782 Forest Park Drive
Forestville, MD 20747

      RE: *Danna Browne v. Bayhealth, Inc.*
         C.A. No. K21C-08-001 NEP

Dear Ms. Browne and Ms. Whiteman:

On October 5, 2020, Danna Browne (hereinafter "Ms. Browne") filed a complaint (hereinafter the "original complaint") against Bay Health Medical [sic][1] alleging medical malpractice in treatment of Sheryle Browne (hereinafter "Decedent"), for failing to "place medical equipment including a heart monitor on [Decedent] . . . . [This] resulted in [Decedent's] not receiving medical attention . . . in a timely manner that would have given her a high chance of surviving cardiac arrest and prevented the catastrophic loss of oxygen to the brain. [sic] and resulted in [Decedent's] wrongful death on October 4, 2020."[2]

Along with the original complaint, Ms. Browne filed a Motion for Extension of Time to File Affidavit of Merit.[3] As grounds for such motion, Ms. Browne stated,

---

[1] Counsel who entered their appearance in response to the original complaint represented that the correct name of the Defendant was "Bayhealth Medical Center, Inc."

[2] Pl.'s Original Compl. ¶¶ 4-5. In a separate paragraph, the original complaint states that Decedent "passed away on October 4, 2018." *Id.* ¶ 3.

[3] 18 *Del. C.* § 6853(a)(1) requires that "[n]o healthcare negligence lawsuit shall be filed in this State unless the complaint is accompanied by . . . [a]n affidavit of merit as to each defendant signed

"Due to the Covid Virus and reduced income, Plaintiff was not able to secure medical records for review until after June 15, 2020. Plaintiff is not [sic] seeking a medical expert to review records."[4] The Court granted the motion for extension on October 20, 2020, allowing Ms. Browne until December 7, 2020, to file an affidavit. On January 11, 2021, this Court dismissed the original complaint because Ms. Browne had failed to file an affidavit of merit with the Court.[5]

On August 2, 2021, Ms. Browne and Pat Whiteman (hereinafter collectively "Plaintiffs") filed a complaint (hereinafter the "second complaint") with the Court against Bayhealth, Inc., alleging the same medical malpractice as had the original complaint.[6] Once again, simultaneously with the complaint, the Plaintiffs requested an extension of time to file an affidavit of merit, which the Court granted on August 6, 2021, by allowing Plaintiff's until October 4, 2021, to file an affidavit. On October 4, 2021, Plaintiffs filed a motion to extend the deadline on the grounds that "Plaintiffs do not have all medical records for filing an affidavit of merit and medical records review. [P]laintiffs therefore asks [sic] that she [sic] be allowed to file affidavits [sic] after medical records are obtained."[7]

---

by an expert witness . . . stating that there are reasonable grounds to believe that there has been health care medical negligence committed by each defendant." In addition, pursuant to 18 *Del. C.* § 6853(a)(2), the Court may grant "for good cause shown . . . a single 60-day extension for the time of filing the affidavit of merit."

[4] Pl.'s Mot. for Extension of Time at 1 (Oct. 6, 2020).

[5] In an order dated December 23, 2020, the Court gave Ms. Browne fifteen days to show good cause for her failure to comply with the Court's order of October 20, 2020. *Browne v. Bayhealth Med. Ctr.*, 2020 WL 7706742, at *1 (Del. Super. Dec. 23, 2020). No response was ever received from Ms. Browne.

[6] *See* Pls.' Second Compl. ¶¶ 8-9 ("Had [Defendants] had [Decedent] on a heart monitor they would have been notified of her heart attack and responded sooner. . . . Their negligence resulted in catastrophic injury and could have been prevented."). The second complaint did not indicate a date of death.

[7] Pl.'s Mot. for Extension of Time at 1-2 (Oct. 5, 2021).

2

In this case, at least one of the Plaintiffs, Ms. Browne, has had over a year, during the pendency of two successive lawsuits alleging essentially the same facts, to obtain medical records and file an affidavit of merit. The General Assembly has determined that the Court may grant only "a *single* 60-day extension for the time of filing the affidavit of merit."[8] In rare circumstances does the Court accept an untimely affidavit of merit. For example, this Court has accepted an untimely affidavit when the plaintiff had originally assumed that the alleged medical malpractice came under an exception to the affidavit requirement.[9] That is not the case here. Accordingly, Plaintiffs' motion to extend the deadline for filing an affidavit of merit is **DENIED**.

The Court further finds that, because Plaintiffs have failed to comply with the statute, 18 *Del. C.* § 6853(a)(1), and the Court's order of August 6, 2021, pursuant to Super. Ct. Civ. R. 41(e) the Office of the Kent County Prothonotary, simultaneously with the issuance of this Letter Order, will issue a notice to Plaintiffs indicating that the Court will dismiss the second complaint unless the Plaintiffs can show cause why the action should not be dismissed for the reasons stated above.

**IT IS SO ORDERED.**

Sincerely,

/s/ Noel Eason Primos
Judge

NEP/wjs
*Via File & ServeXpress & U.S. Mail*
oc:    Prothonotary

---

[8] 18 *Del. C.* § 6853(a)(2) (emphasis added).

[9] *Beckett v. Beebe Medical Cir.*, 897 A.2d 753, 757–58 (Del. 2006) (holding that this Court had discretion to accept plaintiff's untimely affidavit where plaintiff's counsel erroneously believed that the affidavit was not required because the complaint fell under the foreign body exception to the affidavit requirement).