**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

SHAUN COLEMAN,     :
            : C.A. No.: K23C-08-019 JJC
    Plaintiff,   :
            :
   v.       :
            :
JACK R. MILLIGAN, M.D., P.A.,  :
            :
    Defendant.  :

Submitted: July 2, 2024
Decided: July 23, 2024

## <u>ORDER</u>

This action includes medical negligence and intentional infliction of emotional distress claims filed by Plaintiff Shaun Coleman against Defendant Jack Milligan, MD. Ms. Coleman alleges in her second amended complaint that Dr. Milligan committed medical negligence when he engaged in a quid pro quo relationship with her by prescribing medically unnecessary opioids in exchange for sexual favors from 2007 until September 2021. She also contends that he sexually assaulted her and intentionally or recklessly inflicted emotional distress upon her. Ms. Coleman further asserts that she developed a drug addiction, financial hardship, permanent physical disability, and long-term physical and mental trauma because of Dr. Milligan's medical negligence and infliction of emotional distress.

In Delaware, a plaintiff filing a medical negligence action must include an affidavit of merit that addresses each defendant. Even though a plaintiff files the affidavit under seal, a defendant may request an *in camera* review by the Court to

review it for statutory compliance with 18 *Del. C.* § 6853(a)(1) and (c) (hereinafter "Section 6853").[1]   Dr. Milligan requests such a review.

Section 6853 requires that the affidavit be signed by an expert and accompanied by the expert's *curriculum vitae*.[2]   Furthermore, the expert signing the affidavit must be licensed to practice medicine as of the affidavit date and be engaged in the practice of medicine in the same or similar field of medicine as the defendant for three years immediately preceding the alleged negligence.[3]   The affidavit must also state that reasonable grounds exist to believe that the defendant's negligence caused the plaintiff's injury.[4]   Generally, an affidavit that tracks the statutory language complies with the statute.[5]

Here, an *in camera* review reveals that Ms. Coleman filed neither an expert's affidavit nor a *curriculum vitae*.   Rather, Ms. Coleman filed a doctor's biographical information from Bayhealth Hospital's website.   She also included a copy of an order of the Delaware Board of Medical Licensure and Discipline ("The Board") signed by the doctor that served as the Board's Vice President.   Granted, that order reflected the Board's findings that Dr. Milligan engaged in the conduct that forms the basis for her suit.   Nevertheless, she has not met Section 6853's requirements because her filing contains no affidavit or expert's CV.

The final order issued by the Board provides significant support for her medical negligence claims, however.   As a result, in the interest of justice, and for good cause, Ms. Coleman is granted sixty days to supplement the record with an affidavit of merit that meets the statutory requirements for sustaining a healthcare

---

[1] *Flamer v. Nanticoke Memorial Hospital*, 2020 WL 113911, at *1 (Del. Super. Jan. 9, 2020) (citing 18 *Del. C*. § 6853(d)).
[2] 18 *Del. C*. § 6853(a)(1).
[3] *Flamer,* 2020 WL 113911, at *1  (citing 18 *Del. C*. § 6853(c)).
[4] *Id*.
[5] *Dishmon v. Fucci*, 32 A.3d 338, 342-43 (Del. 2011).

negligence action against Dr. Milligan.[6]  After the expiration of sixty days, the Court will dismiss the healthcare negligence claims in her complaint with prejudice if she fails to comply with Section 6853.  On the other hand, if she supplements her filing within sixty days, the Court will review her submission and issue a supplemental order regarding its compliance without the need for Dr. Milligan to file an additional motion.

Separately, many of Ms. Coleman's allegations center on (1) Dr. Milligan's allegedly egregious and outrageous conduct which amounted to intentional infliction of emotional distress, and (2) his alleged sexual assaults of Ms. Coleman.  Some of Ms. Coleman's claims may not fit within the scope of medical negligence as defined in Chapter 68 of Title 18.  For that reason, if she fails to file an appropriate affidavit, the Court will provide both parties the opportunity to address the scope of the dismissal order, including whether the dismissal should be partial or complete.

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Resident Judge

---

[6] *See* 10 *Del. C.* § 6853(a)(2) ("The court, may, upon timely motion of the plaintiff and for good cause shown, grant a single 60-day extension for the time of filing the affidavit of merit"); *see also Beckett v. Beebe Medical Center, Inc.*, 897 A.2d 753, 757–758 (Del. 2006) (holding that, in the absence of a statute or court rule providing otherwise and in consideration of Delaware public policy which favors deciding cases on their merits, the Superior Court has the discretionary authority to accept an affidavit of merit which was filed out of time or to allow a plaintiff a reasonable amount of time to file one in order to avoid the dismissal of the complaint.)