# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AYANNAH MILLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N24C-08-002 SPL |
| | ) | |
| CINDY DOYLE, LAUREN HANNAN, | ) | |
| ANIA CASTANGANA, and | ) | |
| DR. SHIVDEEP KAUR, DEO, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This 13th day of August 2024, upon consideration of Plaintiff Ayannah Mills' ("Mills") Complaint,[1] it appears to the Court that:

(1) Mills seeks damages from employees of the Christiana Care Hospital system for injuries she alleges she sustained at the hospital's Wilmington location on August 31, 2023.[2]

(2) She first presented these allegations by complaint in the Court of Common Pleas, which resulted in that Court dismissing her complaint on December 8, 2023, for lack of jurisdiction over the subject matter.[3]

---

[1] D.I. 1.

[2] *See generally, id.*

[3] *Mills v. Christiana Care Hospital Emergency Department,* C.A. No. CPUU-23-002640 (Del. Com. Pl. Dec. 8, 2023).

(3)     On December 12, 2023, Mills filed a complaint in this Court, which too was dismissed.[4]   In the January 22, 2024, Order dismissing the case, the Court provided an explanation of the statutory requirements for filing a medical negligence claim.[5]

(4)     On March 19, 2024, Mills filed a complaint against "Christiana Health Services Employees Lauren Hannan, Cindy Doyle, Ania Castagana, and Dr. Shivdeep, DEO"[6] in the Court of Common Pleas.  Citing the Delaware Health-Care Medical Negligence Act, specifically 18 *Del. C.* § 6802(a), the Court of Common Pleas found that "the allegations set forth in the Complain are not within [its] jurisdiction"[7] Rather than dismissing the complaint, that court transferred Mills case to the Superior Court under 10 *Del. C.* § 1902.[8]  Mills' complaint is now before this Court under the caption *Ayannah Mills v. Cindy Doyle, Lauren Hannan, Ania Casatangana, and Dr. Shivdeep Kaur, DEO.*

---

[4] *Mills v. Christiana Health Services*, N23C-12-101 (Del. Super. Ct. Jan. 22, 2024).

[5] *Id.*

[6] *Mills v. Christiana Health Services Employees Lauren Hannan, Cindy Doyle, Ania Castagana, and Dr. Shivdeep, DEO,* CPUU-24-000735.

[7] *Mills v. Christiana Health Services Employees Lauren Hannan, Cindy Doyle, Ania Castagana, and Dr. Shivdeep, DEO,* CPUU-24-000735 (Del. Com. Pl. July 31, 2024).

[8] *Id.*

(5)     Mills' complaint has effectively traveled full circle through two Delaware courts and, in this journey, her claims have become more vague.  But it is clear that Mills continues to assert claims of health care negligence which, by statute, require the production of an affidavit of merit.

(6)     To the extent that there might be some confusion as to whether the requirements of the Delaware Health Care Medical Negligence Act apply here, this Court explained in *Saddler v. Nanticoke Memorial Hospital*:[9]

> 18 *Del. C.* § 6801 provides definitions which are applicable to the Affidavit of Merit statute and are relevant to this case.  "Health care" is defined as "any act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to or on behalf of a patient during the patient's medical care, treatment or confinement."  A "health care provider" is defined in pertinent part as "any person, corporation, facility or institution licensed by this State pursuant to Title 24, excluding Chapter 11 thereof, or Title 16 to provide health care or professional services or any officers, employees, or agents thereof acting within the scope of their employment."  Finally, "medical negligence" is defined as any tort or breach of contract based on health care or professional services rendered; or which should have been rendered, by a health care provider to a patient.  The standard of skill and care required of every health care provider in rendering professional services or health care to a patient shall be that degree of skill and care ordinarily employed in the same or similar field of medicine as defendant, and the use of reasonable care and diligence.[10]

---

[9] 2012 WL 6846550 (Del. Super. Ct. Dec. 24, 2012).

[10] *Saddler v. Nanticoke Mem'l Hosp.*, 2012 WL 6846550, at *3 (Del. Super. Ct. Dec. 24, 2012) (cleaned up).

Mills' complaints, including the complaint presently before this Court, assert that a "health care provider" engaged in "medical negligence" as those terms are defined by Delaware law.

(7)     Again, Mills complaint is not accompanied by the required affidavit of merit and *curriculum vitae*.  The requirements of the statute warrant repeating. Section 6853(a) provides:

> No health-care negligence lawsuit shall be filed in this State unless the complaint is accompanied by:
>
> > (1) An affidavit of merit as to each defendant signed by an expert witness, as defined in § 6854 of this title, and accompanied by a current curriculum vitae of the witness, stating that there are reasonable grounds to believe that there has been health-care medical negligence committed by each defendant. If the required affidavit does not accompany the complaint or if a motion to extend the time to file said affidavit as permitted by paragraph (a)(2) of this section has not been filed with the court, then the Prothonotary or clerk of the court shall refuse to file the complaint and it shall not be docketed with the court. The affidavit of merit and curriculum vitae shall be filed with the court in a sealed envelope which envelope shall state on its face:
> >
> > "CONFIDENTIAL SUBJECT TO 18 DEL. C., SECTION 6853. THE CONTENTS OF THIS ENVELOPE MAY ONLY BE VIEWED BY A JUDGE OF THE SUPERIOR COURT."
> > _____
> >
> > Notwithstanding any law or rule to the contrary the affidavit of merit shall be and shall remain sealed and confidential, except as provided in subsection (d) of this section, shall not be a public record and is exempt from Chapter 100 of Title 29.

Section 6853(c) requires:

> The affidavit or affidavits of merit shall set forth the expert's opinion that there are reasonable grounds to believe that the applicable standard of care was breached by the named defendant or defendants and that the breach was a proximate cause of injury or injuries claimed in the complaint. An expert signing an affidavit of merit shall be licensed to practice medicine as of the date of the affidavit; and in the 3 years immediately preceding the alleged negligent act has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as the defendant or defendants, and the expert shall be Board certified in the same or similar field of medicine if the defendant or defendants is Board certified. The Board Certification requirement shall not apply to an expert that began the practice of medicine prior to the existence of Board certification in the applicable specialty.

(8)    "The purpose of Section 6853 is to 'require that expert medical testimony be presented to allege a deviation from the applicable standard of care.'"[11]

> The intent of the General Assembly in enacting this provision was to reduce the filing of meritless medical negligence claims. By requiring an Affidavit of Merit, the General Assembly intended to require review of a patient's claim by a qualified medical professional, and for that professional to determine that there are reasonable grounds to believe that the health care provider has breached the applicable standard of care that caused the injuries claimed in the complaint.[12]

(9)    Mills has chosen to represent herself in this action. The Court is mindful of the challenges faced by self-represented litigants, but it cannot "sacrifice

---

[11] *Beckett v. Beebe Medical Center, Inc.,* 897 A.2d 753, 757 (Del. 2006) (quoting *Adams v. Luciani*, 2003 WL 22873038, at *2 (Del. Dec. 2, 2003).

[12] *Beckett*, 897 A.2d at 757.

the orderly and efficient administration of justice to accommodate the unrepresented plaintiff"[13] or impair "the substantive rights of those parties involved in the case at bar."[14] "A *pro se* complaint, however inartfully pleaded,"[15] is "judged by a 'less stringent standard' than a pleading or document filed by an attorney."[16] But "there is no different set of rules for *pro se* plaintiffs."[17] Mills decision to represent herself does not relieve her of the statutory requirements for commencing a medical negligence action.

(10) Because her complaint again fails to comply with the requirements of 18 *Del. C.* § 6853, Mills' complaint must be dismissed. Mills filed her complaint well within the two-year statute of limitations for a medical negligence claim,[18] and this dismissal is entered without prejudice. It should be abundantly clear that, should Mills wish to pursue medical negligence claims pertaining to her August 2023 treatment, she must file a complaint that comports with this Court's procedural rules *and* is accompanied by the statutorily required affidavit of merit as to *each* alleged

---

[13] *Damiani v. Gill*, 2015 WL 4351507, at *1 (Del. July 15, 2015) (quoting *Draper*, 767 A.2d at 799); *see also Sloan v. Segal*, 2008 WL 81513, at *7 (Del. Ch. Jan. 3, 2008) (cleaned up) ("[S]elf representation is not a blank check for defect.").

[14] *Alston v. State,* 2002 WL 184247, at *1 (Del. Super. Ct. Jan. 28, 2002).

[15] *Browne v. Robb*, 583 A.2d 949, 959 (Del. 1990).

[16] *Johnson v. State*, 442 A.2d 1362, 1364 (Del. 1982).

[17] *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Ct. Aug. 15, 2011) (quoting *Draper v. Med. Ctr. of Del.,* 767 A.2d 796, 799 (Del. 2001)).

[18] 18 *Del. C.* § 6856.

defendant. The Court encourages Ms. Mills to review the statutes cited within this decision to ensure any subsequent filing meets the requirements of Delaware law.


**IT IS SO ORDERED.**

_____
Sean P. Lugg, Judge