# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| DAWN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: K25C-12-020 NEP |
| | ) | |
| v. | ) | |
| | ) | |
| BAYHEALTH MEDICAL | ) | |
| CENTER, INC., a Delaware | ) | |
| corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: March 5, 2026
Decided: May 22, 2026

## ORDER[1]

### *Upon Review of the Affidavit of Merit*
### DEFERRED

**1.** This matter involves a medical negligence suit filed by Dawn Johnson ("Plaintiff") against Bayhealth Medical Center, Inc. ("Defendant"). By motion, Defendant has requested that this Court review the affidavit of merit submitted with Plaintiff's Complaint to ensure compliance with 18 *Del. C.* § 6853(a)(1) and (c).[2]

**2.** On December 17, 2025, Plaintiff filed her original Complaint, sounding in medical negligence, together with an affidavit of merit pursuant to 18 *Del. C.* § 6853.[3] The Complaint alleges that, during a physical therapy session, a physical

---

[1] Citations hereafter in the form of "(D.I. __)" refer to docket items.
[2] Defendant Bayhealth Medical Center, Inc.'s Mot. to Test Aff. of Merit Pursuant to 18 *Del. C.* § 6853 (D.I. 9).
[3] Compl. (D.I. 1).

therapist or other agent or employee of Defendant negligently attempted to ambulate Plaintiff without the required two-person assistance, causing Plaintiff to fall and fracture her right ankle.[4]

3.      In Delaware, each medical negligence complaint must be accompanied by an affidavit of merit opining as to the negligence of each defendant, signed by an expert witness as defined in 18 *Del. C.* § 6854, and attaching the expert's current *curriculum vitae*.[5]   The expert must be licensed to practice medicine as of the affidavit's date.[6] He or she must also have been "engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as the defendant" in the three years immediately preceding the alleged negligent act, and must be Board certified in the same or similar field of medicine if the defendant is Board certified.[7]

4.      Pursuant to 18 *Del. C.* § 6854, an expert witness is defined as "such [a] person [that] is familiar with the degree of skill ordinarily employed in the field of medicine on which he or she will testify."[8]  "Determining whether an expert is in a 'similar' field of medicine as a defendant is a fact-intensive inquiry."[9]  The proffered expert, however, need not be proficient in a specific medical field to qualify as an expert under the statute.[10]   In *Baoust v. Kraut*, the Delaware Supreme Court

---

[4] *Id.* at 1–2.
[5] 18 *Del. C.* § 6853(a)(1).
[6] *Id.* § 6853(c).
[7] *Id.*  The requirements regarding Board certification apply only if the defendant is a physician. *Zappaterrini v. St. Francis Hosp., Inc.*, 2009 WL 1101618, at *1 (Del. Super. Apr. 22, 2009) ("[B]ecause the defendant is not a physician, the statutory requirement of similar Board certification is not applicable."); *McNulty v. Correct Care Sols., LLC*, 2017 WL 1323711, at *2 (Del. Super. Apr. 7, 2017) (noting that "same or similar" Board certification does not apply where defendant is not a physician).
[8] 18 *Del. C.* § 6854.
[9] *Pitts v. Bayhealth Med. Ctr., Inc.*, 2024 WL 4503997, at *1 (Del. Super. Oct. 16, 2024) (citing *McNulty*, 2017 WL 1323711, at *2).
[10] *Id.*

explained that "the diagnosis and treatment of some medical problems may be of concern to doctors of different specialties, and in an area of concurrent expertise, a common standard of care may be shared."[11]

5.     The affidavit must indicate that reasonable grounds exist to believe that the applicable standard of care was breached by each defendant and that the breach was a proximate cause of the injuries alleged in the complaint.[12]  Additionally, the affidavit must be filed under seal; upon request, it may be reviewed *in camera* to ensure compliance with statutory requirements.[13]  The requirements for affidavits are "purposefully minimal" in that the General Assembly "did not intend a minitrial at this stage of the litigation."[14]  An affidavit need not repeat verbatim the statutory language; rather, its statements need only represent the functional equivalent of the statutory language to be judicially acceptable.[15]  As the filing of an affidavit of merit is a duty in derogation of the common law, the Court must narrowly construe the requirements for such an affidavit.[16]

6.     The Court first notes that Defendant is an institution, not an individual. Accordingly, the requirement that the affiant be Board certified in the same or similar field of medicine does not apply here.[17]

7.     However, the requirement that the expert be "engaged in the treatment

[11] 377 A.2d 4, 7 (Del. 1977). *See also McNulty*, 2017 WL 1323711, at *2 (quoting same); *Saddler v. Nanticoke Mem'l Hosp.*, 2012 WL 6846550, at *6 (Del. Super. Dec. 24, 2012).
[12] 18 *Del. C.* § 6853(c).
[13] *Id.* § 6853(a)(1), (d).
[14] *Dishmon v. Fucci*, 32 A.3d 338, 342–43 (Del. 2011).
[15] *Id.*; *see also id.* at 344 ("Medical experts need not couch their opinions in legal terms, state the facts that underly [sic] their determination, or to [sic] articulate the standard of care with a high degree of legal precision or 'magic words.'" (citation omitted)).
[16] *Hodge v. Bayhealth Med. Ctr., Inc.*, 2025 WL 1068228, at *3 (Del. Super. Apr. 9, 2025) (citations omitted); *accord Gibson v. Keith*, 492 A.2d 241, 247 (Del. 1985) ("[S]trict, rather than liberal, construction of legislation in derogation of the common law is the rule." (citing *Carper v. Bd. of Educ.*, 432 A.2d 1202 (Del. 1981); *State v. Brown*, 195 A.2d 379 (Del. 1963))).
[17] *See supra* note 7.

of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as the defendant" remains. Although Defendant is a hospital, the alleged negligence occurred in connection with physical therapy services that Defendant provides. Plaintiff's expert is an orthopaedic surgeon. His *curriculum vitae* does not independently establish that he practices in the field of physical therapy, but the affidavit states that he "work[s] with physical therapists almost daily for treatment of patients." In determining whether a given expert's practice is sufficiently similar to a defendant's for purposes of § 6854, the Superior Court has previously ruled that "if the differences between the defendant's specialty and the proffered expert's specialty do not affect the applicable standard of care, the proffered expert is competent to testify."[18] Here, the alleged negligence arises from physical therapy, a treatment setting that may substantially overlap with orthopaedic care, rehabilitation, and the treatment of musculoskeletal conditions. Given the minimal nature of the affidavit of merit inquiry,[19] the fact intensive nature of the "same or similar field" requirement,[20] and the expert's sworn statement that he works with physical therapists almost daily in treating patients, the Court is satisfied that the expert is engaged in a sufficiently similar field of medicine to opine, at this stage, on the alleged breach of the applicable standard of care.

8. Accordingly, the Court has performed an *in camera* review of the affidavit of merit filed with the Complaint. As to the affidavit in question, the Court finds as follows:

    **a.** The affidavit is signed by its author.

    **b.** The current *curriculum vitae* of the expert is attached to the affidavit.

---

[18] *Derrickson v. Pruden*, 2011 WL 2083884, at *2 (Del. Super. May 3, 2011).
[19] *Supra* note 14.
[20] *Supra* note 9.

4

**c.** The expert was licensed to practice medicine as of the date of the affidavit.

**d.** For the reasons discussed above, the expert's sworn statement that he "work[s] with physical therapists almost daily for treatment of patients," in addition to his expertise as an orthopaedic surgeon, satisfies the same or similar field requirement contemplated by § 6853(c), notwithstanding the fact that the expert is a surgeon and the alleged negligence occurred in a physical therapy setting.

**e.** In the affidavit, the expert concludes that there are reasonable grounds to believe that Defendant violated the applicable standard of care. The affidavit, however, does not state that the alleged breach of the applicable standard of care was a proximate cause of the injuries to Plaintiff alleged in the Complaint.

**9.** Given the foregoing review, it appears to the Court that the primary deficiency in the affidavit is the expert's failure to state that the alleged breach was a proximate cause of the injuries to Plaintiff alleged in the Complaint. This deficiency, however, does not necessarily render the instant affidavit defective. The affidavit does state that "the Defendant . . . [was] negligent in treatment and care of Plaintiff . . . during a physical therapy session as claimed in the Complaint." The Complaint, in turn, alleges that, "[a]s a direct and proximate result of Defendant's negligence, Plaintiff sustained severe and permanent injuries."[21]

**10.** As previously stated, the requirements governing affidavits of merit are "purposefully minimal" because the General Assembly "did not intend a minitrial at this stage of the litigation,"[22] and an affidavit need not recite the statutory language verbatim so long as the affidavit conveys the functional equivalent of that

---

[21] Compl. 4 (D.I. 1).
[22] *Dishmon*, 32 A.3d at 342–43.

language.[23]

**11.** Additionally, the standard for permitting amendment to an affidavit of merit is generous. Courts have allowed amendment of affidavits of merit that failed to address, or address adequately, the issue of proximate cause where other aspects of the affidavits were compliant.[24] Those circumstances also include cases where the affidavit failed to address the alleged negligence of a defendant.[25] "The Court's discretion in such instances is warranted because, '[i]n Delaware, public policy favors permitting a litigant a right to a day in court.'"[26]

**12.** "As generously as the Court can," the Court will assume that the failure of the attesting expert to address proximate causation in relation to Defendant's alleged negligence was an oversight and will therefore allow Plaintiff to submit an

---

[23] *Id.*; *see also supra* note 15.

[24] *See e.g.*, *Buck v. Nanticoke Mem'l Hosp., Inc.*, 2015 WL 2400537, at *1 (Del. Super. May 19, 2015) (allowing the plaintiff to submit a supplemental affidavit of merit where the original affidavit failed to address the issue of proximate cause as to one of the defendants); *Peck v. Orthopaedic Assoc. of S. Del., P.A.*, 2021 WL 3197549, at *5–7 (Del. Super. July 28, 2021) (allowing the plaintiff to submit a supplemental affidavit of merit where the original and amended affidavits did not clearly address whether all alleged aspects of the defendants' negligence treatment proximately caused the plaintiff's injuries); *Palacio for Mitchell v. Premier Healthcare, Inc.*, 2015 WL 13697654, at *1 (Del. Super. Sept. 15, 2015) (accepting an amended affidavit after the court rejected the original affidavit of merit for its failure to state whether the defendant's breach of the standard of care had proximately caused the plaintiff's injuries); *Ellet v. Ramzy*, 2004 WL 2240153, at *1 (Del. Super. Sept. 29, 2004) (allowing the amendment of an affidavit of merit because the affidavit was equivocal as to whether the breach was a proximate cause of the decedent's injury); *Kalinowski v. Adams*, 2012 WL 1413999, at *1-*2 (Del. Super. Mar. 9, 2012) (allowing the plaintiff to amend the affidavit of merit because the original affidavit was unclear as to whether the defendants' actions had proximately caused the plaintiff's injuries).

[25] *See Truitt v. Bay Health Med. Ctr., Inc.*, 2019 WL 5460190, at *2 (Del. Super. Oct. 24, 2019) (Court assumed that failure to address the negligence of one of the defendants was an "oversight" and allowed amendment of the affidavit); *Buck*, 2015 WL 2400537, at *2 (where proffered affidavit did not address negligence of institutional defendant, Court permitted plaintiff to supplement record with affidavit addressing negligence of that defendant).

[26] *Buck*, 2015 WL 2400537, at *1 (alteration in original) (citing *Beckett v. Beebe Med. Ctr.*, 897 A.2d 753, 757–58 (Del. 2006)); *cf. Old Guard Ins. Co. v. Jimmy's Grille, Inc.*, 860 A.2d 811 (TABLE), 2004 WL 2154286, at *3 (Del. 2004) (according "liberal construction" to rule regarding vacation of default judgments "because of the underlying public policy that favors a trial on the merits").

6

amended affidavit of merit addressing whether Defendant's alleged breach of the standard of care was a proximate cause of the injuries alleged in the complaint.

**WHEREFORE**, in consideration of the foregoing, the Court's consideration of Plaintiff's Affidavit of Merit is **DEFERRED**. **Plaintiff's counsel shall, within twenty (20) days of the date of this Order, file an amended affidavit of merit addressing whether Defendant's alleged breach of the applicable standard of care was a proximate cause of the injuries alleged in the Complaint. If Plaintiff fails to file a compliant amended affidavit of merit within that time, the Complaint will be dismissed.**

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP:tls
*Via File & ServeXpress*
oc:     Prothonotary
cc:     Counsel of Record

7