# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CLIFFORD W. TRUITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N19C-06-235 CEB |
| | ) | |
| BAY HEALTH MEDICAL CENTER, | ) | |
| INC., a/k/a BAYHEALTH HOSPITAL, | ) | |
| KENT CAMPUS f/k/a KENT GENERAL | ) | |
| HOSPITAL, ROSHAN D. PRABHU, | ) | |
| M.D., TOLULOPE A. AYANGADE, | ) | |
| M.D., FARIDA A. MALIK, M.D., | ) | |
| CAROLE A. DYE, R.N. AND | ) | |
| JOHN DOES 1-10 | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: August 9, 2019
Decided: October 24, 2019

## ORDER REGARDING AFFIDAVIT OF MERIT

1. This is a medical negligence action filed by Clifford Truitt ("Plaintiff") against Bay Health Medical Center, Inc., and some of the doctors and nurses that treated him while at Bay Health. ("Defendants").

2. Pursuant to 18 *Del. C.* § 6853(a)(1), a medical negligence complaint must be accompanied by an Affidavit of Merit. The statute controls this affidavit and its legal standards. The Affidavit must be accompanied by a current *curriculum*

*vitae* from a qualified expert witness as to each defendant.[1] A "qualified expert" means an expert as defined by 18 Del. C. §6854.

3.    The Affidavit of Merit is filed under seal.[2] Any defendant can request an *in camera* review of the Affidavit to ensure that it complies with the statutory requirements.[3] That is what brings us to the instant motion.

4.    The Court has reviewed *in camera* Plaintiff's Affidavit of Merit. The Affidavit is accompanied by a current *curriculum vitae*. The Affidavit states the expert is currently licensed to practice medicine and is board certified in Family Medicine. The affiant swears to the affiant's familiarity with the standards of care of the physicians in the "same or similar field" as the individual Defendants.

5.    The affiant swears his field of medicine is the same or similar to fields of practice of individual Defendants Drs. Prabhu, Ayangade, and Malik. The Affidavit further states, to a reasonable degree of medical probability, that but for negligence by these Defendants, Plaintiff would not have suffered the conditions that ultimately resulted in his injuries.

6.    The Court notes that the statute requiring the Affidavit of Merit is filed *in camera* and without the availability of cross examination, and references the need

---

[1] 18 Del. C. §6853(a)(1).
[2] *Id.*
[3] *Id.* at (d).

2

for signature by an "expert witness, as defined in §6854 of this title."[4] Section 6854 states that "No person shall be competent to give expert medical testimony as to applicable standards of skill and care unless such person is familiar with the degree of skill ordinarily employed in the field of medicine on which he or she will testify."[5] But the competence of the witness to do so or their familiarity with the ordinary skills of practitioners in a particular field are not subject to the "crucible of cross examination" and indeed, so far as the Court can determine, an affiant swearing to such competence and/or familiarity must be taken at face value.[6] At face value, the Affidavit here complies with the statute as to the named Defendants.

7.     But the Affidavit is silent as to Defendant Carol Dye, R.N., referred to in the Complaint as "the wound care consultant." She receives only passing reference in the rather expansive narrative of the Complaint until the specific counts allege her negligent failures to diagnose and treat his conditions.[7] Because the Complaint alleges medical negligence on the part of Nurse Dye, the same requirement of an Affidavit of Merit applies to her and this one is deficient in its failure to mention her at all.

---

[4] 18 Del. C. §6854.
[5] *Id.*
[6] *See Dishmon v. Fucci,* 32 A.3d 338, 342 (Del. 2011) ("Owing to the risk involved, courts in the initial review should assume that statements made in affidavits of merit are reliable without additional evidentiary support.")
[7] D.I. 1 at 35–39.

8. As generously as the Court can, the Court will assume the failure of the Affidavit to identify Nurse Dye is an oversight.[8] In keeping with the Court's policy of deciding cases on their merits and eschewing procedural defaults,[9] the Court will allow Plaintiff 21 days in which to amend his Affidavit of Merit or supply a new Affidavit with respect to individual Defendant Carol Dye, R.N.[10] Barring an Affidavit that complies with the statute with respect to Nurse Dye, the Court will dismiss the action as to her.

**IT IS SO ORDERED.**

Judge Charles E. Butler

---

[8] The Court notes the confusion in the historical record concerning Plaintiff's handling of the Affidavit of Merit in this case. *See* D.I. 43. But in fact, an Affidavit was filed, identifying the doctor Defendants, but not the nurse. Plaintiff also filed a rather unusual "response" to Defendants' motion to review the Affidavit of Merit. D.I 18. Despite all that responding, Plaintiff apparently missed the fact that his Affidavit failed to identify the nurse Defendant.

[9] *See, e.g., Drejka v. Hitchens Tire Service Inc.,* 15 A.3d 1221, 1224 (Del. 2010) (calling dismissal a "severe" sanction to be employed only "as a last resort."). *See also Dishmon, supra* note 1, at 344 (Del. 2011) (recognizing "trial courts must give weight to Delaware's well known public policy that favors permitting a litigant to have his day in court.")

[10] *See generally McBride v. Shipley Manor Health Care,* 2005 WL 2090695 (March 23, 2005), aff'd 2005 WL 1201208 (Del. May 18, 2005) (granting plaintiff 21 days to file affidavit); *Dishmon, supra* note 1, at 345 ([Section 6853] "does not, however, contemplate that affidavits that are initially incomplete are automatically subject to outright dismissal."). *See also Beckett v. Beebe Medical Center, Inc.,* 897 A.2d 753, 757 (Del. 2006) (holding Superior Court has discretion to permit plaintiff to file affidavit within a reasonable time after Court ruled against plaintiff's argument that affidavit was not required).